173 So. 756

BONANNO v. DECEDUE.

No. 34215.

March 29, 1937.

B. M. Goodman, of New Orleans, for appellant.

FOURNET, Justice.

This is a suit for divorce instituted by the wife against her husband on the ground of adultery, alleged to have been committed on July 8, 1936. The defendant was

served personally with citation and a copy of the petition, but he failed to appear. A preliminary default was timely entered, and, after hearing testimony of plaintiff and two witnesses in support of her allegations, the trial judge refused to confirm the default and dismissed plaintiff's suit. She has appealed.

The record shows that there was never any issue born of the marriage and no property was acquired during the community. Two young men, who were old friends of the plaintiff's family (one of whom had been calling on plaintiff's sister for several years), and who were acquainted with the defendant, testified that they went to the place where the defendant operated a race-horse book; that at his invitation they went to a show and afterwards to an immoral house on 1334 Marais street; and that defendant went into the place and remained a half-hour, while they remained outside. It also appears that the couple was not happily married, and it was only after the witnesses were apprised of the domestic difficulties and were appealed to by the plaintiff that they told what they knew.

The trial judge, however, was of the opinion that a witness who reveals the infidelity of a friend is unworthy of belief, and refused to grant the divorce. If this rule were followed by courts, there would be very few instances where a divorce could be granted on the ground of adultery. While evidence of this character is often viewed with suspicion and should always be considered with great caution, there is nothing incredible about the testimony of the two witnesses. Although the trial

judge questioned one of the witnesses, he failed to extract anything of an inconsistent or contradictory nature in the testimony. Therefore, in the absence of any evidence in the record to indicate that the testimony was false or unreliable, and as the husband did not appear to defend himself against the charges, although he was personally served with citation and a copy of the petition, it is our opinion that the testimony should be accepted. See Schmalz v. Schmalz, 146 La. 876, 84 So. 166; Ledner v. Caddo Transfer & Warehouse Co. et al., 14 La.App. 366, 372, 124 So. 712; Becker v. Hollywood Theatre et al. (La.App.) 155 So. 522.

For the reasons assigned, the judgment of the lower court is annulled and reversed, and it is now ordered, adjudged, and decreed that there be judgment in favor of plaintiff, Mrs. Thelma Bonanno, and against defendant, Samuel P. Decedue, granting a divorce a vinculo matrimonii between them; defendant to pay all costs of court.