371 So.2d 1146 (1979)
Delma WEST, Plaintiff-Appellant-Relator,
v.
BAYOU VISTA MANOR, INC., et al., Defendants-Appellees-Respondents.
No. 63587.
Supreme Court of Louisiana.
May 21, 1979.
*1147 John M. Shaw, Lewis & Lewis, Opelousas, for defendants-respondents.
John Saunders, Ville Platte, for plaintiff-applicant.
TATE, Justice.
We granted certiorari to review the denial of an employee's claim for workmen's compensation.
The plaintiff, Mrs. West, sues her employer (Bayou Vista) and its insurer for workmen's compensation injuries. The trial court essentially found that the plaintiff's uncontradicted testimony did not prove the accident occurred at work, for reasons we find insufficient.
The court of appeal noted the trial court's reasons for refusing to accept the plaintiff's uncontradicted testimony of the work-accident. Without reviewing the sufficiency of the trial court's reasons, the court of appeal affirmed the trial court's dismissal of the claim as a merely factual determination not reviewable in the absence of manifest error.
We granted certiorari, 366 So.2d 913 (La.), because the intermediate court (in deeming this to be a merely factual dispute) had failed to review the plaintiff's contentions, which indicated that, under applicable legal principles, the trial court erred in refusing to accept the employee's uncontradicted testimony proving the accident, corroborated by medical examinations immediately subsequent thereto which proved continuous disability.
General Principles Applicable
In a workman's compensation suit, the employee must establish the work-accident causing the injury by a preponderance of the evidencei.e., "the testimony, as a whole, must show that more probably than the employment accident caused the disability." Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347, 349 (La.1974). The causal relationship may be inferred when there is proof of an accident and an ensuing disability without an intervening cause. Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973).
In evaluating the evidence, the trier of fact should accept as true the uncontradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony. Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967); Farley v. Ryan Stevedoring Co., 238 La. 1048, 117 So.2d 587 (1960); Bonanno v. Decedue, 186 La. 1041, 173 So. 756 (1937).[1] (In each of these instances, the trial court's finding of fact was reversed due to its failure to observe this principle.)
The Facts
At the time of the accident alleged, Mrs. West was employed as a nurse's aid at a nursing home for elderly citizens operated by her employer, Bayou Vista. Her duties included lifting heavy patients, making beds, and other manual labor. At the time of the accident, she had been so employed and had performed her duties without difficulty or complaint for some fourteen months.
No evidence contradicts her testimony of the work-accident(s). It is as follows:
On March 17, 1977, while lifting an elderly patient, Mrs. West suffered a twisting injury to her back. Her back hurt, but she did not then feel she had sustained a serious injury. However, her back started hurting worse when she continued working. She mentioned her complaints to her co-workers, but she continued performing her duties on that day and on the following (the 18th) day with the assistance of one of them.
She took several days off from work, in addition to the two days to which she was entitled, to give her back time to get better. She returned to work on March 29 and again on March 30, performing her duties *1148 as well as she could. Finally, however, on the morning of the 30th, her back became subject to great pain when subjected to the weight of an old lady she was helping to stand, and she dropped the lady. She then punched the time clock and went home.
She returned to work on April 2, 3, 4, and 5, suffering pain but performing her duties, the heavier ones with the assistance of a co-worker. She was off on April 6 and 7. However, since her back was still hurting and seemed to becoming worse, she reported to her family physician, Dr. John Tassin. She has never worked since.
Dr. Tassin examined Mrs. West on that date. Then, she complained of an injury to her lower back sustained in picking up a patient. He found objective symptoms of disability, including muscle spasm, positive straight leg raising, and decreased reflexes in both Achilles and knee jerks on the left. He gave her some medicine. When she returned on April 25 with continued complaints, he referred her to a neurosurgeon. After this specialist diagnosed the cause of Mrs. West's pain and disability as a ruptured intervertebral disc, Dr. Tassin has continued to treat her for low back pain, with physical therapy and medication.
The neurosurgeon, Dr. William Foster, examined Mrs. West on April 28. Her subjective complaints of low back pain radiating into the legs were corroborated by a scoliosis (pelvic tilt to the left) and by positive results to leg-raising tests, as well as by the absence of or diminished ankle jerks. Suspecting a disc involvement, the specialist ordered x-rays and a myelogram. After reviewing same, Dr. Foster was of the definite opinion that Mrs. West had sustained a ruptured disc in the lower back. The physician recommended surgery as the only method of alleviating the disability caused by the ruptured disc. He also felt the ruptured disc had resulted from lifting a patient or straining.
The substance of the testimony of these two doctors is that, since the first medical examination on April 7 (shortly after Mrs. West alleges to have had a work-accident causing injury to her back), Mrs. West has been disabled by the painful effects of a ruptured disc, and that this disabling injury is consistent with Mrs. West's history of having suffered back pain while lifting a patient on March 17 or so, shortly before their first examinations. The nature of the injury (a ruptured disc) is regarded by them as almost conclusively established by the myelogram, as well as the objective symptoms indicated to them on their examinations.
(We may say, here, that if this virtually[2] undisputed disability resulted from an accident at work is correct, the record reflects that the claimanta lady aged 48 years, with a fourth grade education and employable only in manual laboris totally and indefinitely disabled from any gainful employment and is thus entitled to compensation for permanent and total disability, La. R.S. 23:1221(2) (1975), during disability.)
Trial Court's Reasons for Judgment
As we understand the trial court's reasons for judgments, it did not reject the medical testimony that the plaintiff is presently disabled from any gainful employment by reason of a ruptured intervertebral disc in her lower back. Rather, in holding that the plaintiff had not proved her case by a preponderance of the evidence, the trial court noted certain factors which gave it concern as to whether the undoubted disability had resulted from an accident at work.
*1149 We note these factors, and the reasons why they were insufficient under the circumstances to discount the plaintiff's uncontradicted and unsuspicious testimony of her accident, as follows:
1. Mrs. West had prior back problems. This statement was based upon the x-rays showing that she had a more or less congenital back defect (at a place other than the ruptured disc) of a non-disabling nature, as well as upon a statement in the alleged history given by her to an examining neurosurgeon that, five years earlier she had sustained a straining injury to her back which had kept her off work for eight months.
Aside from circumstances indicating that the history was incorrectly transcribed,[3] the uncontradicted testimony shows that Mrs. West had worked at nursing aid jobs and manual labor without difficulty or complaint prior to the claimed accident of March 17, 1977. Even if there were a pre-existing latent back disability, nevertheless workmen's compensation benefits are payable when a work-accident aggravates or accelerates it, producing disability. Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973). "A claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition." Lucas v. Insurance Company of North America, 342 So.2d 591, 596 (La. 1977).
2. In August, 1977, Mrs. West was involved in an automobile accident in which she injured her back. However, the August accident occurred after the April, 1977 medical examinations which found that, by reason of a ruptured intervertebral disc, Mrs. West was totally and indefinitely (i.e., without major surgery, which might alleviate her disability somewhat) disabled from any heavy work. Further, without contradiction, her attending physician (Dr. Tassin) for both the work-accident(s) and the automobile accident, negatived any connection of the latter (automobile) accident with the plaintiff's present disability.
3. Mrs. West's original petition alleged the first accident of March 17, without reference to the second lifting accident of March 30 to which she testified at trial.[4] However, the plaintiff's back complaints commenced with the first lifting incident of March 17, which is connected in continuous sequence with the second precipitating incident of March 30 (see footnote 4). We are unable to see any reason to doubt her credibility as to either incident because of her consistent ascription of her disability as resulting from the first incident, following which she suffered her first complaints of back pain (although they became much more aggravated following the second incident).
4. Mrs. West did not report her back injuries to her supervisors as they occurred. In the answer to the plaintiff's interrogatories, *1150 which were introduced into evidence, the defendants admitted that the plaintiff had on March 31, 1977 (the day after the second incident) reported to the director of nursing and to co-workers that she had sustained a lifting accident on March 17 or 18. Assuming this is so (the plaintiff testified she had mentioned the lifting incident earlier, right after the first one occurred), the circumstance is more corroborative of her initial unawareness of the seriousness of the injury resulting from the first incident than it is any cause to doubt her credibility about its occurrence.
5. Mrs. West did not call as witnesses the co-workers to whom she had reported or mentioned her injuries. As noted above, the defendant in answer to interrogatories had admitted that the plaintiff had so reported to her co-workers. We see no adverse inference that can be drawn from the circumstance relied upon. Further, even without this stipulated fact, we are cited to no authority which would permit an adverse inference to be drawn against an employee-claimant for failing to call as witnesses her co-employees (who moreover would seem more likely to have been called by the employer-defendant for whom they worked, if their testimony would be adverse to that of the claimant, their former co-employee).
Conclusion
In summary, by reason of the legal principles enunciated in the decisions previously cited, the plaintiff's uncontradicted testimony of the accident at work, corroborated by the doctors' testimony concerning medical observations and treatment commencing immediately afterwards, is sufficient to prove the work-accident(s) by a preponderance of the evidence (i.e., more probably than not). Under the circumstances reflected by the present record, the trial court's stated reasons for holding that the plaintiff has not met this burden are not in accord with the legal principles above-stated as applicable, and they in effect placed a duty upon this compensation claimant to prove her case greater than that required by the jurisprudence.
It is true that "The reviewing court must give great weight to the factual conclusions arrived at by the trier of fact, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable." Cadiere v. West Gibson Products Company, 364 So.2d 998, 999 (La.1978) (Italics ours). However, the appellate court is not required by this principle to affirm the trier of fact's refusal to accept as credible uncontradicted testimony (Johnson, cited below), or greatly preponderant objectively-corroborated testimony (Arceneaux, cited below) where the record indicates no sound reason for its rejection and where the factual finding itself has been reached by overlooking applicable legal principles. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973).
Thus, in Johnson (cited above) as here, the trial court had dismissed an employee's claim for workmen's compensation, and the intermediate court had affirmed this dismissal. There, as in the present case, the trial court found the employee's uncontradicted evidence of disability residual from the accident insufficient to prove his claim, based partly on its ascription of any residual disability to a pre-existing arthritis even though (as here) the uncontradicted testimony showed that the employee had, prior to the accident, performed his duties without complaint or difficulty. We reversed and awarded compensation, pointing out the legal principles applicable which the trial court had overlooked in failing to hold that the claimant's testimony of continuous disability following a work-accident sufficiently proved a causal relationship between the work-accident and the present disability.
Under principles similar to those represented by Johnson, we here reverse the trial court's finding that the work-accident was not proved by a preponderance of the evidence, because applicable legal principles (cited above) were overlooked by it in reaching this determination and because the *1151 record reflects no sound reason for rejecting the plaintiff's uncontradicted testimony, corroborated by the circumstances and the medical testimony reflected by the record.
We therefore find that the plaintiff's disability was caused by the accident(s) suffered by her at work. As earlier noted, the claimant's present disability is total and permanent; she is therefore entitled to an award of compensation benefits during disability at the rate of two-thirds of her weekly wages, La.R.S. 23:1221(2) (1975). Her weekly wages are stipulated at $92.00 per week (40 hours at $2.30, Tr. 104), i.e., a weekly compensation rate of $61.33.
Without objection, the plaintiff introduced a number of receipts and bills for medical services, physician-prescribed therapy, medicines, etc., as necessitated by her injuries. We total them as amounting to $3,463.80.[5] The record indicates that the claimant will have a continuing need for more medical services and supplies to treat her injury, and our decree will reserve her right to recover them.

Decree
For the reasons set forth, we reverse the judgments of the previous courts dismissing the plaintiff's suit, and we order, adjudge, and decree that there will be judgment in her favor and against the defendants, Bayou Vista Manor, Inc. and Commercial Union Insurance Company, holding them solidarily liable to the plaintiff Delma West for weekly compensation during disability at the rate of Sixty-One and 33/100 ($61.33) Dollars per week, commencing March 17, 1977, with (legal) interest at the rate of seven per cent per annum on each weekly installment from date of delinquency until paid. The plaintiff is also awarded medical expenses proven incurred to date of trial in the sum of Three Thousand Four Hundred Sixty-Three and 80/100 ($3,463.80) Dollars, with legal interest thereupon from date of judicial demand until paid; and her right to recover unpaid medical expenses resulting from her work-caused injuries, previously incurred and to be incurred, is reserved. The defendants are cast with all costs of these proceedings.
REVERSED AND RENDERED.
BLANCHE, J., dissents. The opinion of the trial court is correct.
NOTES
[1] See also: Pugh, Louisiana Evidence Law 138-39 (1974); Cockrell v. Penrod Drilling Co., 214 La. 951, 39 So.2d 429 (1949); Miller v. Hartford Live Stock Insurance Co., 165 La. 777, 116 So. 182 (1928).
[2] The defendant introduced into evidence the deposition of Dr. Richard Levy, a neurosurgeon, who examined the plaintiff once, some four months after the accident. His examination was limited to "clinical" examination of the patient, without reference to myelogram x-rays. He concluded that, from a purely neurological standpoint based solely on his clinical examination, the plaintiff was not disabled.

His opinion is far outweighed by that of the other physicians to the contrary, based upon their more extended observation and upon the myelogram x-rays; for reasons detailed more fully in an appendix to this opinion. (The appendix is part of the public records of this court, but it will not be published because of its factual detail and its lack of interest to other than the parties.)
[3] Mrs. West denied that the doctor had correctly understood her history about minor back trouble five years earlier. Her version is corroborated by the testimony of her attending physician, Dr. Tassin, Tr. 125, that he had treated minor back complaints by prescribing pills only twice in 1972 and once in 1973, Tr. 52. There is no evidence whatsoever of the nature or severity of these prior back complaints.
[4] When the defendants objected to testimony as to this second incident, the plaintiff's counsel explained that the sequence of events has commenced on the 17th and that "it is an impossibility to distinguish medically exactly which event, or to what degree, caused her injury, but certainly the injury began on the 17th, her complaints. . . . [The further precipitating incident of March 30] is admissible and certainly part of one history of an accident, rather than two distinctive, separate accidents, since . . . the injury "apparently began on the 17th and finished on the 30th, but those events, some combination of the two, rather than one distinctive event is what caused her injury." Tr. 116-17.

When the trial court nevertheless sustained the defendants' objection, the plaintiff amended her petition so as to allege the "second" accident (March 30) also.
[5] In the plaintiff's brief, without itemization, a larger figure is set forth. In the event we are in mathematical error or have overlooked some items in the record, the plaintiff's right to recover unpaid medical expenses will be protected by our decree.