381 So.2d 894 (1980)
Charlie CHARLESTON, Jr., Plaintiff-Appellant,
v.
NABORS TRAILERS, INC. et al., Defendants-Appellees.
No. 14048.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1980.
*895 James E. Franklin, Jr., Shreveport, for plaintiff-appellant.
Colvin, Hunter, Brown, Plummer & Means by D. Scott Brown, Mansfield, for defendants-appellees.
Before HALL, MARVIN and McCLENDON, JJ.
McCLENDON, Judge.
Plaintiff appeals from a trial court judgment rejecting his claim for workmen's compensation benefits. We affirm.
The trial court found that plaintiff had failed to establish by a preponderance of the evidence that he in fact sustained an injury while acting in the course and scope of his employment. The sole issue on appeal is whether the trial court erred in making this determination.
In West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La. 1979), the Supreme Court set forth the applicable legal principles governing the burden of proof necessary to establish a work-related injury:
In a workman's compensation suit, the employee must establish the work-accident causing the injury by a preponderance of the evidencei.e., "the testimony, as a whole, must show that more probably than [not] the employment accident caused the disability." Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347, 349 (La. 1974). The causal relationship may be inferred when there is proof of an accident and an ensuing disability without an intervening cause. Johnson v. Travelers Insurance Co., 284 So.2d 888 (La. 1973).
In evaluating the evidence, the trier of fact should accept as true the uncontradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony. Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967); Farley v. Ryan Stevedoring Co., 238 La. 1048, 117 So.2d 587 (1960); Bonanno v. Decedue, 186 La. 1041, 173 So. 756 (1937). (In each of these instances, the trial court's finding of fact was reversed due to its failure to observe this principle.
See also: Pugh, Louisiana Evidence Law 138-39 (1974); Cockrell v. Penrod Drilling Co., 214 La. 951, 39 So.2d 429 (1949); Miller v. Hartford Live Stock Co., 165 La. 777, 116 So. 182 (1928).
At the time of the alleged accident, plaintiff was approximately 23 years old and had worked at defendant's place of business for two years. He testified that on July 17, 1978, he was transporting a bottle of argon gas on a dolly and was proceeding around the rear of a truck when it suddenly began to back up. In his attempt to avoid being struck, he stepped into a ditch and twisted his knee.
However, the remainder of the testimony contradicts that of plaintiff in many respects.
*896 Plaintiff testified that the injury occurred at approximately 11:00 a. m. on July 17 and he reported to the doctor that afternoon. His time card shows to the contrary that he worked the remainder of the day on July 17 and checked out at 9:35 a. m. on July 18th.
Plaintiff also testified that he told several other employees he had an accident on the job. It was shown at trial that two of these men were not even employed by defendant at the time of the alleged accident. Three other employees testified plaintiff told them he was having trouble with his knee, but never indicated he had been injured on the job.
It was also shown that plaintiff had a previous injury to the left knee after plaintiff denied having injured that knee prior to July 17, 1978. Significant is the fact that plaintiff had been injured twice before at defendant's place of business and thus knew the procedure for making an accident report and obtaining a doctor's slip, yet he failed to do this on July 17th.
These contradictions of, and discrepancies in, the testimony of the claimant are circumstances "casting suspicion on the reliability of this [claimant's] testimony." West, supra.
In order to establish a work-related accident solely by the testimony of the claimant in a workmen's compensation case, that testimony must be found to be reliable (free of suspicion) by the trier of fact.
The judgment of the trial court is therefore affirmed at appellant's cost.