EDWARDS, Judge.
Thomas G. Hoover brought suit against the State of Louisiana, the City of Slidell, the Chief of Police of Slidell, Louis Jacques and the ABC Insurance Co. Plaintiff *189 sought $12,000 in damages for the loss of use of and tortious conversion of his 1957 Chevrolet pickup truck. The City of Slidell, the Chief of Police and Jacques answered and named Edwin S. Holdsworth as a third party defendant. Subsequently, on motion of Hoover, all defendants except Jacques were dismissed with prejudice. The third party demand was separated for trial at a later date.
Testimony elicited at trial established that on September 3, 1972, while plaintiff was a member of the United States Navy, his 1957 Chevrolet pickup truck was stolen from Gulfport, Mississippi. The theft was reported immediately to the Gulfport Police Department. On that same afternoon, the truck was recovered in Slidell, but when the investigating officer checked the truck’s registration on national computer records to see if it was listed as stolen, it had not yet been listed and, consequently, did not appear stolen. Since the vehicle bore a Kansas license plate, one attempt, unsuccessful, was made to locate the plaintiff in Kansas. No further attempts to locate plaintiff were made and the national computer records were never consulted again, despite the fact that stolen cars often remain unlisted for some period of time before their stolen status is reflected by the computer.
The recovered truck was towed to the premises of Edwin S. Holdsworth, who stored vehicles for the Slidell Police Department. After three months, Louis Jacques, then second in command on the Slidell Police force, purchased the truck from Holds-worth for $91.00. Jacques knew Holds-worth did not own the truck and could not deliver title, but nevertheless kept the vehicle as his own without ever having title transferred to him or obtaining a Louisiana license plate. Jacques retained the vehicle for eight months until it was wrecked by his son, whereupon he used the wreck for parts. Jacques made no attempt to locate Hoover, the pickup’s true owner.
The district court, in written reasons for judgment, found that Louis Jacques was liable for the wrongful conversion of Hoover’s truck. Regarding damages, the trial judge held that:
“the only evidence presented as to the value of the truck at the time of conversion was Plaintiff’s self-serving testimony as to what funds he had expended on the truck prior to theft and on the condition of the truck on the day of the theft. The Plaintiff’s own estimate of approximate losses, unsubstantiated by detailed and corroborative evidence, which should have been produced at trial, does not meet the requisite burden of proof.
Accordingly, the court finds that Plaintiff has failed to prove by competent evidence, any damages as a result of the wrongful conversion of the 1957 pick-up truck.”
Judgment in favor of Jacques and dismissing plaintiff’s demands at his costs followed. Plaintiff appeals specifying that the trial court erred in concluding that no damages were proved.
A plaintiff must prove damages by a preponderance of the evidence, whether direct or circumstantial. However, damages need not be proved with mathematical certainty, but only by such proof as reasonably establishes the claim. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151 (1971).
At trial, Hoover testified that he paid $500 for the truck and that he subsequently did much work on it. He reported $50 in brake repairs, $344 for chrome reverse wheels, four new tires and an $800 paint job. In making out the original theft report, however, Hoover only listed the truck’s value at $500.
Charles Edwards, a Slidell detective, corroborated Hoover to the extent of testifying that:
“it was a very clean truck. It appeared to be well taken care of, appeared to be recently worked on and so forth.”
Jacques, the defendant, evidently found the truck nice enough for his liking since, despite knowing he had no legal title to the vehicle, he kept it for eight months and then cannibalized it for parts.
*190 Uncontradicted testimony should generally be accepted as true. Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967); Coleman v. Manufacturers Casualty Insurance Company, 229 La. 105, 85 So.2d 47 (1956). Where the uncontroverted testimony is improbable, and that improbability must be apparent, the testimony need not be accepted. Fourcade v, Ryan Stevedoring Co., 238 La. 1048, 117 So.2d 587 (1960). Courts will not impute perjury to apparently credible witnesses, particularly in the absence of any evidence in the record that such testimony was false or unreliable. Cockrell v. Penrod Drilling Co., 214 La. 951, 39 So.2d 429 (1949); Bonanno v. Decedue, 186 La. 1041, 173 So. 756 (1937); Miller v. Hartford Live Stock Ins. Co., 165 La. 777, 116 So. 182 (1928). See also 32A C.J.S. Evidence 1038.
The truck’s value and the value of improvements to it were testified to by Hoover alone. While corroboration is certainly the better practice, testimony by a plaintiff alone may establish damages. Jordan v. Travelers Insurance Company, supra. Nothing in the record indicates that Hoover’s testimony, at least as to the truck's purchase price, is improbable or unreliable. In fact, the original theft report and testimony by Charles Edwards tend to corroborate the value of $500. In contrast, however, plaintiff’s estimates of improvements are uncorroborated, undocumented and appear highly self-serving. Clearly, plaintiff’s truck was worth at least $500.
The owner of a vehicle wrongfully converted and subsequently destroyed has the right to recover for the vehicle’s value. In addition, he may recover for inconvenience and mental anguish due to loss of use of the vehicle prior to its destruction. Alexander v. Qwik Change Car Center, Inc., 352 So.2d 188 (1977). This holding is in line with the rule that allows awards for mental anguish and embarrassment when there is an intentional violation of property rights. Fassitt v. United T.V. Rental, Inc., 297 So.2d 283 (La.App. 4th Cir. 1974); Grandeson v. International Harvester Credit Corp., 223 La. 504, 66 So.2d 317 (1953). Since Jacques tortiously converted Hoover’s truck to his own personal use for eight months prior to its destruction, plaintiff may recover damages for that period.
In Alexander, the plaintiff was allowed $1,000 for loss of his vehicle for one year. Considering the passage of three years, raging inflation, plaintiff’s obvious attachment for his truck, and the fact that plaintiff was without same for eight months, an award of $800 is appropriate.
For the foregoing reasons, the trial court judgment is affirmed insofar as Louis Jacques was found liable for the conversion of plaintiff’s truck. The judgment is reversed insofar as plaintiff’s damage claims were rejected. There is judgment in favor of Thomas G. Hoover and against Louis Jacques for $500 for conversion and for $800 for loss of use of the truck for a total of $1,300. All costs, both trial and appellate, are to be paid by Louis Jacques.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.