DOMENGEAUX, Judge.
The plaintiff, Lucy Biro Juneau, brought this suit seeking workmen’s compensation benefits for an accident which allegedly occurred on or about September 8, 1978. Named as defendants are the plaintiff’s employer, Garan, Inc. and its workmen’s compensation insurer, INA Insurance Company of Delaware. The plaintiff has perfected this appeal from a judgment of the trial court dismissing her claim. We affirm.
The sole issue of this appeal is whether or not the trial court erred in holding that the plaintiff is not entitled to workmen’s compensation benefits because she did not prove her disability was caused by a work-related accident.
The Supreme Court set forth the applicable legal principles governing the burden of proof necessary to establish a work-related injury in West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979) as follows:
“In a workman’s compensation suit, the employee must establish the work-accident causing the injury by a preponderance of the evidence — i. e., ‘the testimony, as a whole, must show that more probably than [not] the employment accident caused the disability.’ Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347, 349 (La.1974). The causal relationship may be inferred when there is proof of an accident and an ensuing disability without an intervening cause. Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973).
In evaluating the evidence, the trier of fact should accept as true the uncontra-dicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony. Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967); Farley v. Ryan Stevedoring Co., 238 La. 1048, 117 So.2d 587 (1960); Bonanno v. Decedue, 186 La. 1041, 173 So. 756 (1937).”
The plaintiff contends that the trial court erred in refusing to accept the uncon-tradicted testimony of the plaintiff that a work related accident did in fact occur. We disagree. Although, as a general rule, such uncontradicted testimony should be accepted as true, such principle is true only if there is “absence of circumstances in the record casting suspicion on the reliability of this testimony.” West, supra, at 1147. Hand v. Reeves, 378 So.2d 1064 (La.App.2nd Cir. 1979), writ refused 380 So.2d 72 (La.1980); Charleston v. Nabors Trailers, Inc., 381 So.2d 894 (La.App.2nd Cir. 1980).
The plaintiff alleges that her left leg and left knee were injured when an unknown fellow employee inadvertently ran a steel buggy into her left knee on or about September 8, 1978. The co-employee allegedly responsible for the injury did not testify. The plaintiff and her mother testified that she had previously injured the knee and was still being treated occasionally for this injury. Miss Shirley Briggs, a co-employee testified that on the day of the alleged accident, the plaintiff’s knee was swollen, but the plaintiff never related to her that it was caused by an accident at work. Mrs. Jane Lachney, the defendant-employer’s personnel supervisor who handled insurance claims for the defendant, testified that the plaintiff told her in December of 1978 that her injury occurred when she was playing softball and not from a work related accident. Mrs. Lachney testified that the plaintiff filed a claim under a health and accident policy provided by the defendant, not under the workmen’s compensation policy.
Plaintiff was seen by her doctor, Richard R. Michel, a general practitioner, on September 29, 1978, complaining of pain and swelling of the left leg in the knee area. She gave the doctor no history of what had happened to her. She was also seen by Dr. John T. Weiss, an orthopedic surgeon on October 25, 1978, complaining of the same problem — swelling and pain of the left knee. Again she gave no history of injury to the left leg or knee. According to the doctor, “she said she did not know of any known injury to the knee.”
*737 Despite the plaintiff’s testimony that the injury was caused by a work-related accident, the trial court concluded that the evidence as a whole did not show that more probably than not the injury was caused by a work-related accident. An appellate court may not disturb a trial court’s evaluations of credibility and factual determinations unless the record reveals that the trial court’s decision is manifestly erroneous or clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). After reviewing the entire record, we cannot say that the trial court’s decision is clearly wrong. In fact, based on the totality of the evidence, the decision seems clearly right.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against the plaintiff-appellant.

AFFIRMED.