FORET, Judge.
This is a workmen’s compensation suit. The plaintiff, Susan Breaux, seeks workmen’s compensation benefits from the defendants, The Restaurant Angelle, Inc. and its workmen’s compensation insurer, Allstate Insurance Company. From a judgment rejecting her demand, the plaintiff has perfected this appeal.
The only issue on appeal is whether or not the trial court erred in holding that the plaintiff is not entitled to workmen’s compensation benefits because she did not prove that her disability was caused by an accident which had occurred in the course and scope of her employment.
The Supreme Court set forth the applicable legal principles governing the burden of proof necessary to establish the work-related injury in West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979) as follows:
“In a workman’s compensation suit, the employee must establish the work-accident causing the injury by a preponderance of the evidence — i.e., “the testimony, as a whole, must show that more probably than [not] the employment accident caused the disability.” Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347, 349 (La.1974). The causal relationship may be inferred when there is proof of an accident and an ensuing disability without an intervening cause. Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973).
In evaluating the evidence, the trier of fact should accept as true the uncontra-dicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony. Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967); Farley v. Ryan Stevedoring Co., 238 La. 1048, 117 So.2d 587 (1960); Bonanno v. Decedue, 186 La. 1041, 173 So. 756 (1937).”
Further discussing the employee’s burden of proof in workmen’s compensation cases, the Louisiana Supreme Court in Prim v. City of Shreveport, 297 So.2d 421 (La.1974) stated:
“Although procedural rules are construed liberally in favor of workmen’s *1231 compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff’s case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture (emphasis ours)
The plaintiff alleges that her neck, right shoulder and arm were injured when lifting a heavy tray of food onto her right shoulder on or about July 24, 1980. The defendant denied that any accident took place and asserted that if plaintiff had any physical problems subsequent to the termination of her employment, they were not causally related to anything occurring during her employment at the restaurant.
During the period in question, plaintiff was employed as a night waitress at An-gelle’s and worked during the day as a legal secretary at a local law firm.
Plaintiff testified that she had previously injured her neck in September, 1979, when she was struck by a soccer ball. She was treated for this by Dr. John G. Bernard, her family physician in Lafayette. Dr. Bernard diagnosed a cervical strain and prescribed medication until May 15, 1980. The plaintiff testified that on July 25, 1980, she again saw Dr. Bernard after her alleged accident at Angelle’s restaurant. Dr. Bernard, in his deposition, testified that he could not say if the injury occurred from the soccer ball incident or from her being a waitress.
The plaintiff testified that she had reported her accident to Jackie Maybry, the head waitress, the day after the accident. Jackie Maybry testified that plaintiff did not report to her that she hurt herself carrying a tray even though she had instructed the waitresses to make such complaints to her.
Plaintiff further testified that during the weekend following the alleged accident, she reported the accident to Danny Guilbeau, the assistant manager. Mr. Guilbeau, to whom the accident should have been reported, denied that plaintiff had ever mentioned any accident because if she had he would have had to fill out a report for the insurance company.
Mrs. Geraldine Wheaton, a paralegal employed with plaintiff at the law firm, testified that plaintiff stated that she had hurt herself at Angelle’s. Sonya Ruth Weaver, a bartender at Angelle’s, testified that plaintiff told her she had an accident at her other job (legal secretary) and that she was asking people who had quit Angelle’s to testify for her.
The trial court, noting the irreconcilable nature of the testimony given by some of the witnesses, expressly stated in its reasons for ruling that its factual determinations were based upon its own credibility evaluations of those witnesses.[1] Our review of the record establishes that the trial court’s finding that plaintiff failed to prove, by a preponderance of the evidence, that she suffered personal injury by accident arising out of and in the course of her employment by The Restaurant Angelle, Inc., is not clearly wrong.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.

. The trial court noted that both of the witnesses called by plaintiff to corroborate her testimony regarding the occurrence of the accident had quit work at the restaurant, and that defendants’ witnesses, who testified that no work-related accident involving plaintiff was brought to their attention, were still employed there. The trial court apparently gave much weight to the testimony of one witness, which was unequivocal and in direct opposition to that given by plaintiff, because that witness had resigned from her job at the restaurant and was preparing to leave this State at the time of trial. In essence, the trial court was called upon to make credibility evaluations and did so.