YELVERTON, Judge.
Appellant, Leo Gardner, Jr., brought this suit for worker’s compensation benefits against his employer, Paul Brown, d/b/a Brown Brothers Salvage Company, based on an accident which allegedly occurred on or about August 14, 1981. The trial court, finding that appellant had not proved a work-related accident, dismissed the claim. The sole issue on appeal is whether the trial court’s evaluation of credibility and factual determinations were clearly wrong. We find no manifest error and we affirm.
The applicable legal principles governing the burden of proof necessary to establish a work-related accident are set forth in Prim v. City of Shreveport, 297 So.2d 421 (La.1974), as follows:
[2-4] Although procedural rules are construed liberally in favor of workmen’s compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff’s case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture, (citations omitted)
There are times when a claimant’s testimony alone can prove an accident, if his testimony is uncontradicted and its reliability unchallenged. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979). The court in West said:
[2] In evaluating the evidence, the trier of fact should accept as true the un-contradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony. Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967); Farley v. Ryan Stevedoring Co., 238 La. 1048, 117 So.2d 587 (1960); Bonanno v. Decedue, 186 La. 1041, 173 So. 756 (1937).1 (footnote omitted)
*1305 In the instant case plaintiff unquestionably suffered a disabling ruptured disc. His was the only testimony attributing it to a work accident.
Plaintiff was seen by Dr. John Passman, an orthopedic surgeon, on August 12, 1981. He complained to the doctor of back pain and numbness in his right leg. The doctor subsequently performed a myelogram and diagnosed a ruptured disc. Dr. Passman stated that plaintiff’s condition could have been caused by an accident as described by plaintiff. The doctor also stated that before examining plaintiff, either he or his secretary called the employer, Brown Brothers Salvage Company, for confirmation of the compensability of plaintiff’s treatment. Later, Dr. Passman’s office was called by Brown indicating that the treatment would not be covered by a compensa-ble claim.
Appellant went to work for defendant on July 20, 1981. He was terminated on August 28,1981, for failing to report for work. His employer operated an automobile crushing business. Plaintiff was one of a three-man crew which traveled to various wrecker yards and compressed vehicles using a portable crusher.
In his petition appellant alleged that he injured his back while attempting to lift a car hood into the crusher. This was also his testimony at the trial, but he admitted that he told his doctor that the accident happened when he slipped on the hood of a car. His explanation. of this inconsistency was that he had been advised by his employer to give the doctor the latter version in order to “stick it” to the insurance company. The whole of this testimony was denied by the employer, Brown.
Appellant alleged in his petition that the accident happened on August 14. In testimony he twice stated that he was injured in either “early August or late September.” It was late in the week, either Thursday or Friday, but his back did not trouble him for a couple of days. The following Monday, according to plaintiff, he told his employer, Brown, that he needed to go see a doctor. He said that Brown sent him to a doctor that same day. The doctor’s records show that appellant saw him on August 12, a Wednesday.
Brown denied that he directed plaintiff to a doctor, or that he was aware that plaintiff was then alleging an accident. He remembered that plaintiff had once said he needed to see a doctor, and Brown let him have time off to do it. Brown subsequently paid from his own funds for the initial medical visit and later paid some chiropractor expenses, but he declared this was in the nature of a loan and not from a sense of obligation.
Plaintiff denied a back history except for a pulled muscle in his back in either 1973 or 1974. Brown, his employer, stated that plaintiff had told him he had hurt his back before he went to work for him. Rodney Wiley, a former co-worker, remembered one occasion when the crew at Brown’s went drinking and plaintiff related he had hurt his back before going to work for Brown. Samuel Randazzo, the administrator for 4-D Enforcement Services for Catahoula and Concordia Parishes, testified that he contacted plaintiff in July 1981 concerning child support payments. He stated that plaintiff told him at that time he was going to the hospital the next day for a possible operation on his back.
Neither of his two co-workers on the job witnessed the accident, nor could they recall plaintiff telling them about it. They remembered that plaintiff came to work during the latter period of his employment limping and using a cane. Brown likewise saw that.
Plaintiff’s father recalled that his son had told him he had hurt his back working at Brown’s but he was uncertain when this conversation occurred.
There was no evidence that plaintiff missed work or was unable to do his work following the injury. The only noticeable manifestation of an injury was the limp. He failed to report for work on August 28. Brown found him in a bar and fired him. Appellant denied that he was fired, explain *1306 ing that he had already quit to seek another job.
He found another job with Rebel Drilling Company where he worked for about a month. He quit that, he testified, because of his worsening back. Co-employees from Rebel Drilling confirmed this to the extent that they observed his limp and heard him complain of back pain.
As can be seen from the above resume of the testimony, there are factors present that favor a finding that plaintiff has proved a job-related accident. If we overlook the disparity in dates as attributable to simple forgetfulness, plaintiff’s testimony that he had an accident is otherwise corroborated: he reported to his employer that he needed to see a doctor; he went to a doctor with (at least) his employer’s permission; he related to the doctor a work accident bearing some resemblance to the accident described in his petition; and a ruptured disc was diagnosed. The fact that his employer initially told the doctor that the treatment would be covered by compensation, together with his subsequent payment of a portion of the medical expenses can be considered additional corroboration. This corroboration is strengthened somewhat if the explanation is adopted that the employer had a change of mind and decided to resist the compensation claim after he was angered at plaintiff for failing to report to work on August 28.
On the other hand, there are a number of discrepancies in plaintiff’s testimony as indicated in the above resume of the facts. There is also to be considered the fact that plaintiff admitted his willingness to misrepresent the facts to his doctor, which is hardly diminished by the explanation that he had been induced to do so by his employer.
Thus, there are reasonable arguments that can be made for both sides. The trial court concluded that the evidence as a whole did not show that more probably than not the injury was caused by a work-related accident. The trial court said:
“In this case the Plaintiff proved that he had a back problem, but failed to prove that this problem was caused by an accident or injury connected to his work with the Defendant.
“Plaintiff claimed that he was injured when he hurt his back trying to throw an automobile hood into the crusher or press at the Defendant’s auto salvage operation. Plaintiff was uncertain as to the exact date and time of his injury and none of his fellow employees ever observed it or heard him complain about it.
“The only evidence supporting Plaintiff’s claim comes from him alone, and while that might be sufficient under different circumstances, in my opinion, it is not adequate in this case since there are a number of reasons to discredit that testimony. Some of these reasons would include . the Defendant’s past history, the testimony of his fellow workers, the vague and uncertain nature of some of the Plaintiff’s testimony itself, the fact that Plaintiff was having problems with the Non-Support people in the District Attorney’s office at the time of the alleged injury and his statement to the District Attorney’s people about prior back injuries.
“All of the other factors in this case, in my opinion, discredit the testimony of the Plaintiff to such an extent that even a more liberal interpretation of the Workmen’s Compensation laws would not justify his claim.”
An appellate court may not disturb a trial court’s evaluations of credibility and factual determinations unless the record reveals that the trial court’s decision is manifestly erroneous or clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingne, 365 So.2d 1330 (La.1978); Juneau v. Garan, Inc., 399 So.2d 735 (La.App. 3rd Cir.1981). Although the question is a close one, we cannot say that the trial court was clearly wrong in finding that plaintiff failed to meet his burden of proof.
For the reasons assigned, the judgment of the trial court is affirmed. All costs are assessed against the plaintiff-appellant.