450 So.2d 1035 (1984)
Leroy CONRAD
v.
JACK DONAHUE CONTRACTORS, INC., et al.
No. 83 CA 0736.
Court of Appeal of Louisiana, First Circuit.
May 30, 1984.
Cameron C. Gamble, New Orleans, for plaintiff, appellant.
James L. Donovan, Metairie, for defendant, appellee.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Leroy Conrad (plaintiff) was employed by Jack Donahue Contractors, Inc. (defendant), a firm which specialized in commercial *1036 remodeling and renovations. On June 19, 1981, he and some fellow employees were unloading a steel beam from a truck. Someone slipped and he caught all of the beam's weight. However, he was not any more sore than usual, so after the weekend was over, he went back to work. On June 23, while working at defendant's job at the Andrew J. Bell Junior High School at Ursuline and Galvez Streets in New Orleans, Louisiana, he felt a pull in his back while carrying concrete blocks and had pain in his head and back. On June 25, he went to Slidell Memorial Hospital for emergency treatment. On July 7, 1981, he was admitted as a patient. Compensation benefits were paid until October 3, 1981. He has not worked since the date of the accident.
The case was submitted to the trial court on the basis of the following documents: plaintiff's deposition and hospital records from Slidell Memorial Hospital for emergency care on June 25, 1981, for hospitalization beginning on July 7, 1981, and for a subsequent hospitalization which began on February 17, 1982. The depositions of Dr. J. Monroe LaBorde, Dr. William Purser, Dr. Stan Owen, and Dr. William Chapel were also introduced. The trial court, after reviewing this documentary evidence, handed down written reasons for judgment wherein it made the following findings of fact:
This Court makes the following findings of fact. The claimant suffered an injury on June 23, 1981 in the course and scope of his employment. The defendants paid the claimant workmen's compensation and submitted medical bills until October 3, 1981. The claimant's work related injury consisted of a lumbar strain. The claimant's impairment had ceased before the date that compensation benefits were cut off, that is, before October 3, 1981. Finally, while this Court does not dispute that subsequent injuries to the plaintiff may have occurred, this Court holds that the plaintiff has not carried the burden of showing that the disabilities herein sued upon continued past September, 1981. This Court accordingly holds that the defendants were proper in terminating compensation benefits as of October 3, 1981.
Plaintiff filed this appeal and argues that the lower court erred in finding that he failed to prove by a preponderance of the evidence that he was partially disabled beyond October 3, 1981.
Inasmuch as this entire case was submitted to the trial court by deposition and report, the manifest error rule is not applicable to our review of the record. Gould v. State, Louisiana Department of Corrections, 435 So.2d 540 (La.App. 1st Cir.1983), writ denied, 438 So.2d 1107 (La. 1983).
The plaintiff in a workers' compensation suit must establish by a preponderance of the evidence that the injury sustained was caused by the accident at issue. Martin v. Zachry, 424 So.2d 1002 (La.1982); West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979). Absent proof of an intervening cause, a claimant's disability is presumed to have resulted from an accident, if before the accident the injured person was in good health and symptoms of the disabling condition commenced at the time of the accident and continuously manifested themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition. Lucas v. Insurance Company of North America, 342 So.2d 591 (La.1977). See also Guillory v. USF & G, 420 So.2d 119 (La.1982).
The presumption of causation is not irrebuttable, rather when established, its effect is to shift the burden of proof to the defendant. Haughton v. Fireman's Fund American Insurance Co., 355 So.2d 927 (La.1978).
In evaluating the evidence, the trier of fact should accept as true the uncontradicted testimony of a witness, even though the witness is party, where the record indicates no sound reason for its rejection. West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1147 (La.1979); Olds v. Ashley, *1037 250 La. 935, 200 So.2d 1 (1967); Farley v. Ryan Stevedoring Co., 238 La. 1048, 117 So.2d 587 (1960); Bonanno v. Decedue, 186 La. 1041, 173 So. 756 (1937).
The record shows that plaintiff did sustain an occupational injury on June 23, 1981; that he received medical attention within a day or so after the accident and was placed on physical therapy as an outpatient; that when his symptoms persisted he was placed in the hospital on July 7, that he was discharged at his own request apparently after a disagreement between him and Dr. Charles Krieger over the proper pain medication; that on September 4, 1981, he was seen in New Orleans for evaluation at defendant's request by Dr. J. Monroe LaBorde, an orthopedic surgeon; that Dr. LaBorde found no objective signs of cervical or lumbar spinal injury or muscle spasm and felt plaintiff could return to work; that based on Dr. LaBorde's opinion, defendant terminated compensation benefits on October 3, 1981; that Dr. William Purser, an orthopedic surgeon, saw plaintiff on October 21 and made a diagnosis of lumbar and cervical strain; that Dr. Purser found minimal muscle spasm in the left lumbar area but moderate spasm on the right; that Purser referred plaintiff to Dr. Stanford Owen for his headache complaints; that Dr. Owen, an internist who did considerable work in neurology, saw plaintiff initially on October 23, 1981; that his initial diagnosis was neuralgia of the occipital nerves, primarily C-1 and C-2; that he saw plaintiff again on February 15, 1982, and his examination revealed that plaintiff's neck was basically the same as on the initial visit but he had more spasm of his muscles in the lower back, particularly on the left side; that he admitted plaintiff to Slidell Memorial on February 17, 1982, for evaluation of his recurrent persistent back pain which he characterized as chronic; that all tests were negative and plaintiff's muscle spasms decreased during his hospitalization; that both Dr. Owen and Dr. Joe Jabre, a consultant, felt that while plaintiff exhibited no pathological neuropathy during his hospitalization, they did find plaintiff to be extremely anxious and depressed which might be contributing to his overall problem; that Dr. Owen noted that plaintiff responded well to anti-depressant medication, and he prescribed Phenergan which is a muscle relaxant and anti-anxiety agent; that Owen saw plaintiff on June 23, 1982, with complaints of neck and lower back pain; that Owen's diagnosis remained basically the same, i.e., occipital neuralgia causing chronic pain with secondary muscle spasm in the lower back and a large amount of anxiety and depression.
Dr. Owen was of the opinion, based on plaintiff's history and his treatment, that either the initial injury when plaintiff was carrying the steel beam or the subsequent injury where he was carrying concrete blocks did in fact cause his pain. He would not recommend heavy work at that time because plaintiff's pain, combined with anxiety, would cause distraction and interfere with his daily activities and interfere with his ability to function on the job.
This record clearly shows that (1) plaintiff was injured while employed by defendant; (2) plaintiff has not worked since the date of his injuries; (3) no physical intervening cause has been shown; and (4) plaintiff exhibited objective signs of injury after his compensation benefits were terminated on October 3, 1981.
We find that plaintiff did present sufficient evidence to prove some disability by a preponderance of the evidence through his February 1982 hospitalization; however, we are unable to determine the extent of that disability. Further, the evidence is not sufficient to reflect his condition after that time. There is no objective evidence or diagnosis of a physical disability connected with the accident after the February hospitalization. Plaintiff still complains of disability, and Dr. Owen who treated plaintiff after October 21, 1981, through at least June 23, 1982, was of the opinion that anxiety more than physical infirmity accounted for plaintiff's inability to work. Dr. LaBorde also felt that plaintiff should see a neurologist or psychiatrist because of his inconsistent findings. The *1038 record is not sufficient for us to relate mental anxiety to the initial injury. However, in the interest of justice and recognizing that plaintiff has not worked between the initial accident and the trial of this suit, we find it proper to remand the case so a hearing can be held to determine (1) the extent of plaintiff's disability (total or partial) from the date compensation was terminated, October 3, 1981, until February 24, 1982, (2) whether plaintiff was disabled after February 24, 1982, and if so, whether that disability was caused by his accident, and (3) if plaintiff is disabled, the extent of disability after February 24, 1982.
Accordingly, for the reasons stated, the decision of the trial court is reversed and this case is remanded. Costs are taxed to defendant.
REVERSED AND REMANDED.