STOKER, Judge.
Plaintiff-appellee, Betty B. Bruno, sued her employer, defendant-appellant, Harbert International Inc., and its insurer, United States Fidelity & Guaranty Company, for workers’ compensation benefits. The plaintiff contends she suffered an accident while lifting and carrying a pump during her employment with Harbert. The trial judge concluded that plaintiff proved an on-the-job accident on the basis of her testimony alone. We reverse.
FACTS
Betty Bruno was employed by Harbert in March, 1986, as a process technician. She worked four days on and four days off. Plaintiff testified that on January 24, 1988, while lifting and carrying a pump, she injured her lower back. She continued to work despite pain and finished the shift for that day. Plaintiff did not file an accident report on January 24, 1988; instead, she went home and rested during the four day break from her scheduled work. On January 29, 1988, plaintiff returned to work, and she subsequently worked the entire four day schedule. Again plaintiff did not file an accident report. She testified that “I’m not in the habit of reporting every little nick and bruise ...” The plaintiff visited Dr. Fletcher Sutton on February 1, 1988. She complained of pain in her lower back, but she gave Dr. Fletcher no definite history of an accident or injury.
Plaintiff telephoned a representative of the defendant-employer on February 1, 1988 and reported an injury and that her doctor advised her to stay home. On or about February 8, 1988 she made an oral report of the alleged work-related accident. On February 11, 1988, plaintiff submitted herself to an interview with Mr. Bradford Paul St. Marie, administrative manager of plaintiff’s employer. Mr. St. Marie filled out a written accident report on the basis of the information plaintiff gave him. In that report, in response to a question on the accident report form, “How did injury occur”?, the following response was recorded:
Employee is uncertain about what caused her injury. She claims that since she did nothing off the job to cause injury, then her injury must have been caused when she lifted the aforementioned pump to move it.
On plaintiff’s behalf another accident report (undated) was filed into the record in this case which indicates the accident occurred while Mrs. Bruno moved a pump at the employer’s work place. In any event, Mrs. Bruno contends that as a result of the accident of January 24, 1988, she is totally and permanently disabled.
TRIAL COURT ACTION
Plaintiff filed this suit on August 1,1988. The trial judge rendered judgment in favor of plaintiff-appellee, Betty Bruno, and ordered that she be placed on workers’ compensation to the maximum allowed by law. Further, the court found Betty Bruno to be *1020 totally and permanently disabled. Defendants appeal the judgment of the trial court alleging that plaintiff did not suffer an on-the-job accident.
LAW
The issue in this case is whether plaintiff proved that she sustained a work-related accident. A workers’ compensation claimant may establish a work-related accident through his own testimony, that is, through his sole testimony. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La. 1979) and Malone and Johnson, Louisiana Civil Law Treatise, Workers’ Compensation, § 253. Nevertheless, a claimant must establish the occurrence of an “accident”, as contemplated by the workers’ compensation law, by a reasonable preponderance of the evidence. He must also establish causal connection between his disability and the accident. See Malone and Johnson, supra, § 252 and the cases cited therein.
The Louisiana Supreme Court set forth general principles in this regard in West, supra, The Court said:
[1] In a workman’s compensation suit, the employee must establish the work accident causing the injury by a preponderance of the evidence — i.e., “the testimony as a whole must show that more probably than [not] the employment accident caused the disability.” Gradfey v. Vancouver Plywood Co., Inc., 299 So.2d 347, 349 (La.1974). The causal relationship may be inferred when there is proof of an accident and an ensuing disability without an intervening cause. Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973).
[2] In evaluating the evidence, the trier of fact should accept as true the un-contradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony. Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967); Farley v. Ryan Stevedoring Co., 238 La. 1048, 117 So.2d 587 (1960); Bonanno v. Decedue, 186 La. 1041, 173 So. 756 (1937). West, at page 1147.
A workers’ compensation claimant will enjoy a presumption of causal connection between an accident and disability under certain circumstances if both accident and disability are unquestioned. Thompson v. Alamo Glass Co., 446 So.2d 990 (La.App. 3d Cir.1984) and Malone and Johnson, supra, § 252. However, such a presumption has no applicability here because the question is whether or not an accident happened at all. From the pronouncement of West and other authorities, two matters are clear:
(1) proof of an accident follows the. preponderance of evidence rule, and
(2) the amelioration of the rule which permits proof by the claimant’s sole testimony is subject to the qualification that such testimony must be considered in light of any circumstances in the record casting suspicion on the reliability of that testimony.
This court has held that the testimony of a plaintiff alone may be sufficient to prove the occurrence of an accident if it is plausible, consistent, and is supported by other circumstances appearing from the record. We also have said, however, that where the plaintiff’s testimony is the sole evidence, it must be clear and convincing. Colomb v. Frito Lay, Inc., 544 So.2d 710 (La.App. 3d Cir.1989); Ceasor v. Belden Corp., 536 So.2d 1261 (La.App. 3d Cir.1988); Provost v. Transportation Ins. Co., 524 So.2d 800 (La.App. 3d Cir.1988); Narcisse v. Employers Ins. of Wausau, 510 So.2d 1328 (La. App. 3d Cir.1987); Thompson v. Alamo Glass Co., supra; Crocket v. American Tobacco Co., 407 So.2d 1330 (La.App. 3d Cir.1981); Soileau v. Bituminous Cas. Corp., 348 So.2d 1313 (La.App. 3d Cir.1977); and Alfred v. Travelers Insurance Company, 322 So.2d 872 (La.App. 3d Cir.1975).
TRIAL COURT’S REASONS FOR JUDGMENT
As we understand the trial court’s reasons for judgment, it relied on its determination that Betty Bruno was “very believable and honest.” Further, the trial court reconciled the testimony of Gary Adams, a co-worker of Mrs. Bruno’s, with the testimony of plaintiff and found that an on-the- *1021 job accident occurred while Mrs. Bruno was employed with Harbert.
PROOF BY CLAIMANT’S OWN TESTIMONY
The plaintiff urges that we should affirm the trial court’s finding by following the approach of the Louisiana Supreme Court in West v. Bayou Vista Manor, Inc., supra. In particular she urges that her own testimony should prevail over any adverse inferences which the evidence might suggest.
In West a nurse’s aide injured her back while lifting a heavy patient in a nursing home. She continued working in pain on the following day. Later, she took several days off from work, returned to work twelve days after the incident, worked another day experiencing even greater pain, and finally reported her continuous symptoms to her doctor, some twenty-one days after the accident occurred. The trial court ruled against the plaintiff, holding she had not proven that a work accident caused her injuries by a preponderance of the evidence. The court of appeal affirmed. The supreme court reversed, holding that the trier of fact should accept as true the un-contradicted testimony of a witness even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of the testimony. West, supra, page 1150.
We find that the facts of West are distinguishable from those in the instant case. The plaintiff’s version presents too many inconsistencies, too many discrepancies disclosed in the accident reports and testimony, and too little medical testimony consistent with the plaintiff’s version of the accident’s history to apply the rule of law enumerated in West.
The plaintiff did not provide a history of the accident or injury to her treating physician, Dr. Fletcher Sutton. The physician’s notes indicate plaintiff visited with Dr. Sutton and spoke with him over the telephone on numerous occasions after the initial visit. She had many opportunities to provide a history of a work-related accident and did not do so.
Plaintiff testified that she was working with fellow employee, Gary Adams, when the accident occurred. Yet she did not inform Mr. Adams of any pain or tenderness in her back or leg on the date of the alleged accident. Further, Mr. Adams testified that Mrs. Bruno complained of pain to her back the week before the date of the alleged injury. The trial court wrote its Reasons for Judgment over a month after the trial. At that time the trial court was of the impression that Mr. Adams had admitted on cross-examination that Mrs. Bruno had in fact complained of an injury to her back on January 24, 1988, the date of the alleged accident. We disagree. The record is clear that Mr. Adams, a shift supervisor, was responsible for filing accident reports and supplying them to the plant manager. He maintained a shift schedule and made an entry in the schedule that indicated plaintiff complained of back problems on January 20, 1988, several days before the date of the alleged accident.
Inasmuch as the trial court relied on Mr. Adams’ testimony on cross-examination to corroborate plaintiff’s contention that she sustained a work-related injury or accident on January 24, 1988, we have carefully considered the cross-examination testimony of Mr. Adams contained on pages 284 through 296 of the record. With the benefit of the transcribed testimony, we find it quite clear that Mr. Adams did not agree that plaintiff complained of an accident or injury on January 24, 1988. On the contrary, he maintained throughout the cross-examination that his underlinings of dates on his shift schedule showed that the back complaint was made on January 20, that is, four days prior to January 24, 1988.
It is true that Mr. Adams was unclear as to the day Mrs. Bruno called in sick and did not return to work. That testimony, however, did not conflict with his uncontradict-ed and consistent testimony as to the complaints of back pain prior to January 24, 1988 and the indication of such on Mr. Adam’s shift schedule.
Bradford Paul St. Marie, the personnel supervisor of Harbert, testified that he was responsible for preparing accident reports for the company employees. At the time of Mr. St. Marie’s interview with Mrs. Bruno on February 11, 1988 she explained that her back was hurting but “she didn’t know *1022 exactly what, what the cause of it was.” In response to specific questions as to whether the injury was work-related, Mrs. Bruno replied that she was uncertain. Mr. St. Marie then explained that workmen’s compensation benefits only flow from a work-related, accident. In response, Mrs. Bruno stated “Well, then it must have happened when Gary and I were moving the pump.” At the trial on the merits, Mrs. Bruno stated emphatically that neither Gary Adams nor St. Marie had any reason to lie or mislead the court.
Plaintiffs testimony offered several additional irreconcilable inconsistencies. She stated under direct examination that she never experienced any back or leg problems prior to January 24, 1988. Later, under cross-examination, plaintiff admitted injuring her back during a prior employment. Further, she admitted filing a lawsuit on July 31, 1985 alleging an automobile collision and “serious and painful injuries to her back, neck, head, mouth and teeth, ...” (Emphasis added).
APPLICATION OF LEGAL STANDARD
A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong; and, where there is conflict in the testimony, reasonable valuations of credibility and reasonable inferences of fact should not be disturbed upon review. However, where the documents or objective evidence so contradicts the witness’ story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’ story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. Rosell v. ESCO, 549 So.2d 840 (La.1989), on remand 558 So.2d 1360 (La.App. 4th Cir.1990), writ denied, 561 So.2d 105 (La.1990). Also see Walker v. Belden Corp. 331 So.2d 167 (La.App. 3rd Cir.), writ refused 334 So.2d 216 (La.1976); and Dugas v. Fontenot Motors, Inc., 510 So.2d 1374 (La.App. 3rd Cir.1987).
In applying this standard we find that the trial court’s finding of fact should be over-ruled. The plaintiff had a history of prior back trouble, was the only witness to the alleged accident, did not immediately notify her employer of the accident, did not immediately file an accident report and did not provide a history of accident or injury to her physician, Dr. Sutton.
The record in this case does not support the trial court’s stated reasons for judgment. Plaintiff’s story is so internally inconsistent and implausible on its face that it discredits her. The trial judge’s evaluations of credibility and his factual finding that Betty Bruno did prove a work accident causing her disabling condition by a preponderance of the evidence are manifestly erroneous.
In view of our holding, it is not necessary that we consider plaintiff’s remaining assignments of error.
CONCLUSION
For the reasons given above the judgment of the trial court is reversed. Judgment is rendered in favor of defendants, Harbert International Inc., and United States Fidelity and Guaranty, and against plaintiff, Betty B. Bruno, rejecting plaintiff’s demands and dismissing the suit at plaintiff’s costs. The plaintiff-appellee is assessed with the costs of this appeal.
REVERSED AND RENDERED.