370 So.2d 196 (1979)
Allen T. CONLAY, Plaintiff-Appellant-Appellee,
v.
HOUSTON GENERAL INSURANCE COMPANY, Defendant-Appellee-Appellant.
No. 6952.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1979.
Writ Granted May 21, 1979.
*198 Gahagan & Gahagan, Russell E. Gahagan, Natchitoches, for plaintiff-appellant-appellee.
Gold, Little, Simon, Weems & Bruser, Eugene J. Sues, Alexandria, for defendant-appellee-appellant.
Before DOMENGEAUX, SWIFT and DOUCET, JJ.
DOMENGEAUX, Judge.
This is a workmen's compensation suit which involves a determination of whether plaintiff, Allen T. Conlay, is totally or partially disabled.
The following facts are not in dispute: Plaintiff, a 52 year old male, was employed by the Louisiana Department of Highways for over twenty-eight years. On February 9, 1976, he sustained an injury to his right knee while in the course and scope of his employment as an asphalt job foreman. He did not return to work after the injury. Compensation payments of $85.00 per week were paid from the date of the accident until October 4, 1977, at which time they were terminated.
Following the insurer's termination of benefits, plaintiff filed suit on October 28, 1977, for resumption of the $85.00 weekly benefits, penalties, and attorney's fees.
After trial, judgment was rendered in plaintiff's favor. The trial judge found plaintiff partially disabled under the amended provisions of La.R.S. 23:1221(3). Benefits of $85.00 per week for 400 weeks, subject to a credit of 86 weeks for benefits already paid, were awarded. Additionally, the trial judge found the insurer arbitrary and capricious in discontinuing the payment of benefits, and cast it for a 12% penalty on past due payments and for $2,000.00 in attorney's fees.
Both plaintiff and defendant appeal. Plaintiff argues that he should have been found totally disabled, and that the $2,000.00 award for attorney's fees was inadequate. Defendant argues that plaintiff is not totally or partially disabled, but that he suffers from a percentage disability of an extremity, apparently under the provisions of La.R.S. 23:1221(4), and that it was error to award penalties and attorney's fees. Additionally, both parties have answered the appeals of the other, advancing the same arguments raised in their respective appeals. Plaintiff raises the additional request, in his answer, that additional attorney's fees should be awarded for services rendered on appeal.
We will dispose of the defendant-insurer's argument that plaintiff is suffering only from a percentage disability of an extremity under La.R.S. 23:1221(4) at the outset.
La.R.S. 23:1221 is divided into four subsections. The first three subsections deal with temporary total, permanent total, and partial disabilities in general. The fourth subsection, however, provides benefits for loss of particular members of the body, loss of the use of such members, disfigurements of the face or head, impairments of the use of a physical function, and inguinal hernias. We recently discussed subsection (4) in Clarius v. Fogleman Truck Lines, Inc., 367 So.2d 1264 (La.App. 3rd Cir. 1979), wherein we explained that the particular condition for which the injured workman seeks compensation must be categorized into one of the provisions of La.R.S. 23:1221, and that these provisions are mutually exclusive. In other words, if the injured workman can be shown to be disabled *199 under subsections (1), (2), or (3), subsection (4) is inapplicable. Jack v. Fidelity & Casualty Company of New York, 326 So.2d 584 (La.App. 3rd Cir. 1976), writ denied 330 So.2d 295 (La.1976); Allen v. Insurance Company of North America, 216 So.2d 400 (La.App. 4th Cir. 1968). We thus turn to the evidence to see if plaintiff can qualify for total or partial disability benefits under subsections (1), (2), or (3).
Doctor Clinton G. McAlister, the treating orthopedist, described plaintiff's condition as a tear of the right medial meniscus, a body of cartilage found in the knee. To alleviate this condition, he performed a surgical procedure known as a medial menisectomy. At the time that plaintiff's right knee was surgically exposed, the doctor found evidence of arthritis, which he thought had developed prior to the accident. The overall medical situation in the knee was aggravated by the arthritis, as well as another pre-injury condition present in the knee known as chrondromacia. The doctor felt that the prognosis of the patient from the surgery was good. However, he was of the opinion that plaintiff could not return to his former employment, nor to any other type of employment involving heavy manual labor or stress to the knee.
The testimony of Dr. Carl Goodman, another orthopedist who examined plaintiff, was to the same effect, except with regard to the arthritis, which Doctor Goodman felt resulted from the accident or the subsequent surgery. He also was of the opinion that plaintiff could not return to his former position, or any other position involving standing, squatting, climbing, etc. He recommended that plaintiff find some lighter form of work.
Dr. Douglas L. Gamburg, another orthopedist, examined plaintiff for the first time over two years following the accident. He felt that plaintiff's symptoms were a result of a pre-injury, non-traumatic arthritic condition in the knee; however, he stated that the arthritic condition was aggravated by the testing and surgery required as a result of the accident. Additionally, Doctor Gamburg felt that plaintiff could engage in lighter work not involving heavy manual labor or stressful activity to the knee.
The family physician, Dr. Ira L. Campbell, Jr., also testified. He stated that plaintiff's current condition ruled out any possibility of plaintiff working in a laboring type capacity; however, he felt plaintiff could engage in any occupation not requiring stress to the knee.
We feel that the above testimony clearly shows that plaintiff is unable to return to his former position. He, therefore, is suffering from either a total or partial disability under subsections (1), (2), or (3), and the provisions of La.R.S. 23:1221(4), relating to the loss of use of an extremity, are inapplicable. Consequently, we find that defendant-insurer's contention in this regard without merit.
Whether plaintiff's disability is total or partial is another matter. The cases arising after the 1975 Legislative amendments to the Compensation Act, relative to total and partial disability, have now percolated through the appellate level. There is now a sufficient amount of commentary to justify making a few general observations.
It is well recognized that the 1975 amendments to La.R.S. 23:1221 markedly changed the criteria for determining whether an injured workman suffers from a total or partial disability. The inability of an injured employee to return to his former occupation or position does not, in and of itself, lead to a finding of total disability. Lachney v. Cabot Corporation, 368 So.2d 500 (La.App. 3rd Cir. 1979); Kilbourne v. Armstrong, 351 So.2d 802 (La.App. 1st Cir. 1977); Leblanc v. Commercial Union Assurance Company, 349 So.2d 1283 (La.App. 1st Cir. 1977), writ denied 351 So.2d 174 (La. 1977). An injured employee is totally disabled, either permanently or temporarily, only if he is incapable of returning to any type of gainful employment whatsoever, or, although capable, he is unable to return to gainful employment because of substantial pain. Simmons v. Louisiana Department of Transportation and Development, 368 So.2d 770 (La.App. 2nd Cir. 1979); Rachal v. *200 Highlands Insurance Company, 355 So.2d 1355 (La.App. 3rd Cir. 1978), writ denied 358 So.2d 645 (La.1978); Phillips v. Dresser Engineering Company, 351 So.2d 304 (La. App. 3rd Cir. 1977), writ denied 353 So.2d 1048 (La.1978).
On the other hand, if an injured workman cannot return to his former employment because of his injury, but can perform gainful work in another position, he is partially disabled. Kilbourne v. Armstrong, supra; Leblanc v. Commercial Union Assurance Company, supra. Partial disability also includes the situation where a workman would experience substantial pain when working in his former occupation, but where he could work in other categories of jobs without experiencing such pain. Lachney v. Cabot Corporation, supra.
In the instant case, plaintiff bases his argument for total disability on substantial pain. If plaintiff will experience substantial pain in all types of employment, he should be considered totally disabled; if, however, he can work in some position without experiencing substantial pain, he is only partially disabled.
The amount of pain an injured workman experiences is a question of fact. Newell v. United States Fidelity & Guaranty Company, 368 So.2d 1158 (La.App. 3rd Cir. 1979); Carter v. Roy O. Martin Industries, 336 So.2d 1002 (La.App. 3rd Cir. 1976). A determination of fact will not be disturbed when there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's findings, unless such findings are clearly wrong. Crump v. Hartford Accident & Indemnity Company, 367 So.2d 300 (La.1979); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
As has been stated many times previously, the reason for this rule of appellate review relates to both the allocation of trial and appellate functions and to the trial court's better capacity to evaluate live witnesses. The trial court's favored position in seeing and hearing live witnesses is especially important when the factual determination involves a concept as subjective as pain. Colorful inflections and subtle nuances given to spoken and physical expressions describing the degree of pain simply do not come out in the black and white transcription of testimony contained in the appellate record.
Looking to the evidence bearing on pain in this case, we have the testimony of all four physicians, as well as that of plaintiff and several lay witnesses called on his behalf.
Of the physicians who testified, Doctor McAlister commented upon plaintiff's pain the most. He stated that, although plaintiff experiences and will continue to experience pain as a result of his knee, he did not think it particularly severe or disabling. The doctor referred to it as a general soreness or tenderness. He testified that it was in the nature of an annoyance with which one would have to learn to live. He also testified with reference to a second surgical procedure, termed a tibia oesteotomy, by which the weight bearing forces of the knee would be realigned. This procedure was discussed with plaintiff, but the doctor thought it indicated only if plaintiff's pain got severe. At the time of the doctor's deposition, neither he nor plaintiff had determined if the pain had reached the level requiring additional surgery.
Doctor Gamburg stated that repetitive squatting, stooping, or strain could cause increased levels of pain to plaintiff, but that ordinary activities should not. Doctors Goodman and Campbell both testified that complaints of pain would be compatible with plaintiff's condition, but their testimony is not enlightening with respect to the degree of pain.
As noted previously, all of the physicians thought plaintiff capable of engaging in some type of lighter work, if stress could be kept off of the knee.
Plaintiff testified that he experienced pain in his knee constantly and that he takes over-the-counter pain medication to alleviate this condition. He stated that his physical activities are limited because of the *201 condition in his knee, and that the pain increases whenever he uses his knee, as, for example, when walking. He admitted, however, that, on advice of Doctor McAlister, he did do minor carpentry work, fence mending, and gardening after the accident. He qualified these statements by stating that some of these activities made the condition in his knee worse. He also testified that he drives and attends cattle auctions frequently. Additionally, he stated that he directs some activities for various business concerns in which he and his wife have an ownership interest, although he said that he is not an employee of any of these businesses. Finally, plaintiff admitted that he would accept employment in a position where he could sit down and work with his hands.
Several other lay witnesses testified; however, their testimony was cumulative and largely supportive of the testimony of plaintiff.
After closely reviewing the evidence, we do not feel that the trial judge was manifestly erroneous in finding plaintiff partially, and not totally, disabled. We have no doubt that plaintiff's condition is painful; however, we cannot say that the trial judge was clearly wrong in failing to conclude that plaintiff's pain was substantial enough to constitute a total disability. Lachney v. Cabot Corporation, supra.
The final matter in this case deals with the award of penalties and attorney's fees.
The insurer ceased payment of compensation benefits based upon a report of Doctor McAlister, which stated that plaintiff had a 20% permanent physical impairment of his right leg. The insurer took the position that this placed plaintiff under the provisions of La.R.S. 23:1221(4), relative to a percentage disability of an extremity, and it felt it had already overpaid plaintiff the amount of compensation due. However, Doctor McAlister's report also stated that plaintiff would be unable to engage in any activity which would be strenuous to his lower leg and that plaintiff would have to restrict his work to light activity. Clearly, the insurer should have known that this meant plaintiff could not return to his former position. Considering this and the other medical evidence in this case, it is difficult to justify the insurer's total cessation of benefits. We feel, as did the trial judge, that it should be responsible for penalties and attorney's fees.
Plaintiff argues that the $2,000.00 awarded as attorney's fees is inadequate to compensate for the services rendered at the trial level. We think, however, that this amount was within the discretion allowed to the trial judge in the assessment of attorney's fees. Hebert v. Loffland Brothers, 363 So.2d 969 (La.App. 3rd Cir. 1978); Cullivan v. Fish Engineering and Construction Company, 354 So.2d 597 (La.App. 3rd Cir. 1977); Carter v. Roy O. Martin Industries, Inc., supra.
Plaintiff also requests additional attorney's fees for the legal services required on appeal. An increase in attorney's fees for services on appeal is usually awarded when the defendant appeals and obtains no relief on appeal, and the plaintiff requests it in accordance with proper appellate procedure. The basis for awarding additional attorney's fees is that the litigant successful at the trial level must incur additional expenses which otherwise would not have been incurred, in order to protect his rights on appeal. Horn v. Vancouver Plywood Corporation, 322 So.2d 816 (La.App. 3rd Cir. 1975). In this case, plaintiff is not only protecting his rights relative to defendant's appeal, but is also seeking additional relief denied at the trial level and denied on appeal, viz., a declaration of total disability. Under these circumstances, we find that additional attorney's fees for services rendered on appeal are not warranted.
For the above reasons, the judgment of the District Court is affirmed. Costs on appeal are assessed one-half to each party.
AFFIRMED.