STOULIG, Judge.
This is a workmen’s compensation claim by Gary Taintor who suffered a ruptured disc of the lumbar spine while he was employed as a warehouseman with Standard Supply and Hardware Company on December 31, 1975.
The defendant employer and its workmen’s compensation insurer, United States *1270 Fidelity & Guaranty Company, appeal a judgment awarding plaintiff benefits under the total permanent definition of R.S. 23:1221 (2).[1] Appellant argues the trial court erred in giving maximum benefits rather than classifying the disability as permanent partial in view of the fact that plaintiff was working at a higher wage at the time of the trial than he was earning when he was hurt while employed by defendant.
Plaintiff was employed as a warehouseman when he injured his back while lifting a 50 to 60 pound box of nuts and bolts. Immediately after the incident he received treatment from the company doctor for four to six weeks and thereafter consulted Dr. John Lidner, a general practitioner. Plaintiff returned to work on February 5, 1976 and continued on the job through February 23, 1976. Thereafter he returned to Standard for one more day’s work on April 26, 1976. He was paid regular wages through this time.
Between March and May, 1976 Dr. Lidner administered regularly scheduled ultrasonic treatments and prescribed muscle relaxants and analgesics to relieve the pain. When it became apparent he was not responding to conservative treatment, Dr. Lidner referred plaintiff to Dr. Raeburn Llewellyn, a neurosurgeon, who surgically removed a ruptured intervertebral disc at the L-4 L-5 interspace in September, 1976. Assigning a 7.5% disability to the body as a whole, Dr. Llewellyn stated plaintiff would not be able to jump, climb or lift on a continuous basis. Nor could he work at a job requiring him to continually stand, sit or walk. Applying these limitations to the job of warehouseman, the doctor concluded he was 100% functionally disabled.
Dr. Llewellyn did assess his potential for future employment. We quote:
“Q. Now, were there any other functional disabilities that you gave him?
“A. I felt that with rehabilitation and with training that he had a zero percent functional disability for a job assignment that permitted or required him to alter any sitting or standing or modest riding or driving and modest bending and lifting activities, that is, if he was allowed to do this in an alternate fashion I felt he could stay reasonably comfortable.”
Plaintiff, 42 years old at time of trial, is a high school graduate whose employment experience consists of construction work, Air Force service with some bookkeeping experience and warehouseman work. When this case was tried he was employed as a clerical worker with the federal government with a bi-weekly net wage of $243.00. The job would last no longer than one year and was subject to termination without notice since he had been hired on a temporary basis. The record is silent as to the date this employment began or was to end. Plaintiff testified he works in substantial pain and Dr. Llewellyn’s description of his limitations lends credence to his assertion.
Relying on the Supreme Court opinion in Dusang v. Henry C. Beck Builders, Inc.[2], appellant argues that a workman who is earning more money at the time of trial than he was at the time of injury can, at best, be only permanently partially disabled because the pain was not substantial and because the evidence established steady employment was readily available to him. However, the facts in this case are distinguishable in that plaintiff does work in substantial pain, according to the findings of the trial court which are supported by the evidence, and his limited education and work experience do not suggest the availability of regular employment.
In Dusang the court gave jurisprudential standing to the odd-lot doctrine. First, the Dusang court affirmed that a workman who returns to employment in substantial pain is totally disabled, as was held in Phil *1271 lips v. Dresser Engineering Co., 351 So.2d 304 (La.App. 3rd Cir. 1977); Lemoine v. Employers Cas. Co., 378 So.2d 594 (La.App. 3rd Cir. 1979); and similar cases. It further defined the permanent, partially disabled workman as one who could find employment in another line of work and perform his duties without experiencing substantial pain, citing with approval Dufrene v. St. Charles Police Jury, 371 So.2d 378 (La.App. 4th Cir. 1979); and Conlay v. Houston General Ins. Co., 370 So.2d 196 (La.App. 3rd Cir. 1979).
The odd-lot doctrine was conceived to fairly compensate the workman who, for one or more reasons, has lost his ability to compete for steady employment in the labor market as the result of an industrial accident. In Wilson v. Ebasco Service, Inc., 393 So.2d 1248 (La. 1981), the court held that if employment is not available because of the injury and individual factors peculiar to that workman, then compensation benefits for total and permanent disability are due. Even though the workman through economic necessity may attempt to resume employment in pain, the court pointed out, the employer may not wish to hire him, the pain may cause frequent absenteeism, he may be more susceptible to reinjury, and his scope of activities may be restricted.
The record in this case establishes that plaintiff cannot perform the job of warehouseman or any other physical labor due to the limitations described by Dr. Llewellyn. Nor can he perform more sedentary work where he would either sit or stand for extended periods of time. The fact that he was employed at the trial[3] does not establish his ability to find steady employment. He was injured in 1975 and he held one job since that time which could have been abolished without notice. This temporary job does not disqualify him as totally and permanently disabled. In Dusang the court pointed out that the ability to find sporadic temporary employment does not automatically shift a workman from a total to a partial disability category.
In Dusang the court described the burden of proof each litigant carries in a workmen’s compensation case when odd-lot classification is at issue. As to the plaintiff the court requires:
“. .. If the claimant can prove that his physical condition, his mental capacity, his education, training, age, or other factors combine to place him at a substantial disadvantage in the competitive labor market, he has made out a prima facie case for classification in the odd lot category. ...”
Once plaintiff meets his evidentiary requirement the defendant must then . . show that some form of suitable work is regularly and continuously available to the claimant in the area where he resides.”
In Oster v. Wetzel Printing Company, Inc., 390 So.2d 1318 (La. 1980) the Supreme Court held a workman totally and permanently disabled where it was established that the claimant could only hold a variety of temporary jobs but that no stable market existed for the work he could perform.
In this case Taintor has established his disability and the discomfort in which he performs his temporary duties. He cannot junction in his pre-injury employment. Dr. Llewellyn did describe certain activities in which he might engage in the future and feel relatively little discomfort; however, the record is devoid of any evidence to establish what type of job plaintiff would be capable of obtaining with these limited functions, or where employment would be available to a workman with plaintiff’s limitations. Under Dusang it was incumbent on the employer to prove steady employment in this area is available to plaintiff with his limitations in bodily function and educational training. This it failed to do.
For the reasons assigned the judgment appealed from is affirmed. Appellant is to bear all costs of the appeal.
AFFIRMED.

. Plaintiff was awarded $66.67, or [2]h of his weekly wage of $100.00, at the time he was injured so long as his disability should continue.

. 389 So.2d 367 (La. 1980).

. Held January 15, 1980.