CUTRER, Judge.
Donald Vallot, Sr., brought suit for workmen’s compensation benefits against his employer, Andrus Homes, Inc. (82-137). Aetna Insurance Company filed a declaratory judgment suit against Donald Vallot, Sr., seeking to have the court ascertain whether Vallot was entitled to any further compensation payments (82-138). These two suits were consolidated for trial. The trial court ruled against Vallot in both suits. Vallot has appealed in both suits and such appeals are consolidated. Since the law and facts are common to both suits, our opinion in this suit is equally applicable to the companion case of Aetna Insurance Company v. Donald L. Vallot, Sr., 425 So.2d 807 (La.App. 3rd Cir.1982). However, we will render separate judgments in each case.
The sole issue on appeal is whether the trial court erred in ruling that Vallot had failed to prove that any disability was caused by a work-related accident.
The legal principles governing the burden of proof necessary to establish a work-related injury were set forth in the case of West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1147 (La.1979), as follows:
“In a workmen’s compensation suit, the employee must establish the work-accident causing the injury by a preponderance of the evidence, i.e., ‘the testimony, as a whole, must show that more probably than [not] the employment accident caused the disability.’ Gradney v. Vancouver Plywood Co., Inc., 299 So.2d 347, 349 (La.1974). The causal relationship may be inferred when there is proof of an accident and an ensuing disability without an intervening cause. Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973).
“In evaluating the evidence, the trier of fact should accept as true the uncon-tradicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony. Olds v. Ashley, 250 La. 935, 200 So.2d 1 (1967); Farley v. Ryan Stevedoring Co., 238 La. 1048, 117 So.2d 587 (1960); Bonanno v. Decedue, 186 La. 1041, 173 So. 756 (1937)....”
Vallot contends that his testimony of the occurrence of the accident, along with other evidence presented, establishes that Vallot sustained a work-related accident on April *806 2, 1979, which resulted in disability. We disagree.
As a general rule, the uncontradict-ed testimony of a workmen’s compensation claimant as to the occurrence of an accident will be accepted as true. However, such a principle is true only if there is an “[a]bsence of circumstances in the record casting suspicion on the reliability of this testimony.” West v. Bayou Vista Manor, Inc., supra; Charleston v. Nabors Trailers, Inc., 381 So.2d 894 (La.App. 2nd Cir.1980).
The trial judge, in his thorough reasons for judgment, and after reviewing the evidence and the discrepancies in Vallot’s testimony, concluded that: “[pjlaintiff’s credibility was very much in question.”
Other than Vallot, no other witnesses were presented who could testify they witnessed the alleged accident which was to have occurred when Vallot was attempting to move a large door in the employer’s premises.
Vallot testified that about 7:00 A.M., April 2, 1979, he was attempting to open a large door which would slide on rollers. In doing so, Vallot stated that he injured his neck and back. He stated that Sullivan Broussard was his assistant at the time and was on duty. He said that he immediately told Broussard to finish opening the door as he had injured his back in his attempt to do so. Vallot testified as follows:

“Q. If this accident happened on the morning of April 2nd as you say, did you tell anybody what happened to you immediately after it happened?

“A. At the time, I had my assistant was Sullivan Broussard; I had told him that, you know, I had caught a strike in my back and that get the rest to finish opening the door.

“Q. So immediately after this happened, on the morning of April 2nd, you told Sullivan?

“A. Oh, yes, sir. Because I mean I could not complete opening the door myself.

“Q. To go open the door and get set up?

“A. Right.

“Q. Mr. Broussard should be able to tell us that same thing?”

Sullivan Broussard was subpoened for trial but no service of the subpoena was made. Vallot’s counsel announced ready for trial and did not request any further subpoena or continuance. The trial court, in its reasons for judgment, stated that the court had located Broussard and issued a subpoena for him. Broussard appeared as the court’s witness, without objection. Brous-sard testified that the first time he learned of any alleged injury was while Vallot was absent from work in order to get medical attention. He stated that he had no recollection of Vallot asking him to open the door for him. He stated that he would have remembered if he had done so.
Vallot also testified that the accident caused injury to both his neck and back. He stated that his neck along with his back had given him trouble following the alleged accident. Vallot saw several physicians and a chiropractor about his condition. An examination of the physician’s testimony reveals that Vallot did not complain of neck injury until December 1980, more than eighteen months after the alleged incident. He had been seeing an orthopedic surgeon, Dr. James R. Lafleur, for his back complaints. Dr. Lafleur stated that Vallot did not complain of neck injury until December 1980, after Vallot had several “adjustments” by a chiropractor.
Vallot called several fellow employees to testify on his behalf. Each testified that Vallot complained about back problems but none of them had any knowledge of an accident having occurred.
We also wish to point out that Vallot saw Dr. Roy Boyd on April 5, 1979, three days after the alleged accident. He told Dr. Boyd that he had experienced back pain on five occasions within the prior three to four years. Vallot had seen physicians for those prior back experiences. Vallot told other doctors that he subsequently consulted that he had never had any prior back problems.
*807 Vallot’s credibility was further brought into question by testimony concerning his social activities following the accident. The trial judge, in his reasons for judgment, pointed out as follows:

“Plaintiffs credibility is further damaged by his testimony that since his injury he has been greatly disabled and that specifically he had never danced since his injury. A co-worker, however, testified seeing Mr. Vallot dancing a disco dance at a club. Mr. Vallot and his wife were doing this rather vigorous style of dancing. Mr. Vallot did not rebut this testimony. In fact, Mrs. Vallot testified they had indeed danced (contrary to her husband’s sworn testimony), but that it was a very slow dance.”

The trial court pointed out other discrepancies in Vallot’s testimony concerning the time of the alleged accident and how the accident happened.
After examining the record as a whole and the contradictions and discrepancies pertaining to the alleged occurrence of an accident and injury, we find that there exists circumstances which “[cjast suspicion on the reliability of claimant’s testimony.” West v. Bayou Vista Manor, Inc., supra. The record supports the trial judge’s conclusion that Vallot has failed to prove that any disability he may have had was caused by a work-related accident. We cannot say that the trial judge’s decision was clearly wrong.
For these reasons, the judgment of the trial court is affirmed. The costs of this appeal shall be paid by plaintiff-appellant, Donald Vallot, Sr.
AFFIRMED.