435 So.2d 1154 (1983)
Errol EBEY, Plaintiff-Appellee,
v.
DOLPHIN CONSTRUCTION COMPANY and the Travelers Insurance Company, Defendants-Appellants.
No. 83-145.
Court of Appeal of Louisiana, Third Circuit.
July 21, 1983.
*1155 Gold, Little, Simon, Weems & Bruser, Edward E. Rundell, Alexandria, for defendants-appellants.
John Bennett, Marksville, for plaintiff-appellee.
Before DOMENGEAUX, CUTRER and STOKER, JJ.
DOMENGEAUX, Judge.
This suit to recover workers' compensation benefits was filed by Errol Ebey against his former employer, Dolphin Construction Company, and its workers' compensation carrier, Travelers Insurance Company, for injuries he allegedly sustained in a work-related accident on July 11, 1982. Following trial on the merits, the district court rendered judgment in favor of Errol Ebey and against Dolphin Construction Company and Travelers Insurance Company, in solido, for weekly compensation benefits of $164.00 per week for total and permanent disability from July 11, 1982, plus medical, incidental, and travel expenses. In addition, the plaintiff was awarded a 12 percent penalty on all past due benefits and was granted attorney's fees in the amount of $3,000.00, both to be paid solely by Travelers Insurance Company. All costs were assessed against the defendants.
Subsequent to this adverse judgment, the defendants suspensively appealed. Plaintiff answered the appeal, seeking an increase in the award of attorney's fees.
The facts of this dispute are as follows: The plaintiff was working as a laborer on a Dolphin Construction Company road crew which was engaged in resurfacing a highway near Bastrop, Louisiana, on July 11, 1982. At the end of that day, the plaintiff and a co-worker were allegedly endeavoring to load several road signs into the back of a truck. According to the plaintiff, while he was in the process of throwing one of these signs in the truck, he twisted and heard a "pop" in his back. The plaintiff testified at trial that his back began to hurt almost immediately; however, he did not mention the accident or injury to anyone else at that time.
After finishing work that day, the plaintiff and two of his co-workers returned to a motel in Monroe in which they had been residing. Both co-workers testified that during the ride back, the plaintiff never mentioned the accident and did not appear to be in pain.
There is some discrepancy in the record concerning the events that transpired thereafter. According to the plaintiff's testimony at trial, he and his two co-workers got cleaned up when they arrived at the motel, went to McDonald's to get something to eat, came back to their room and talked for a few minutes, and then went to bed. But according to the other two men who were staying with the plaintiff, all three of them went to a bar after getting cleaned up. They later returned to the motel with two girls, but the plaintiff then left the group and went back to the bar. The two co-workers each testified that when the plaintiff returned later, he appeared quite upset and agitated, had blood around his nose and mouth, and said that he had been in a fight. According to them, he then proceeded into the bathroom where he put his fist through a wall. The men also testified that plaintiff had thrown a chained bicycle over a rail at the motel on his way back to the room.
At trial, defense counsel sought to impeach the plaintiff's testimony by introducing statements made by the plaintiff in his deposition which indicated that he and his companions had indeed gone to a bar *1156 and met some girls that night after work, rather than having simply gone to McDonald's. However, in both his deposition and his testimony at trial, the plaintiff denied that he had been involved in a fight, that he had thrown a bicycle over the rail, and that he had put his fist through a bathroom wall on that particular evening. Rather, the plaintiff maintained that those events had occurred some ten days to two weeks previously.
In any event, when the plaintiff's companions attempted to arouse him for work the following morning, he advised them that his stomach was hurting and that he wasn't going to work. One of the two co-workers testified that the plaintiff mentioned at this point for the first time that his back was hurting.
Later that morning, the plaintiff telephoned his supervisor to advise him that he would not be coming to work that day. According to the plaintiff, he told the supervisor at that time that the reason he wasn't coming to work was that his stomach and his back were hurting. However, according to the testimony of the supervisor, the plaintiff mentioned nothing to him about a back injury. This appears to be supported by the fact that nothing was mentioned in the supervisor's daily log about the plaintiff's back injury on that date. After concluding that the plaintiff's excessive tardiness and absenteeism could no longer be tolerated, the supervisor immediately terminated the plaintiff from his job.
The plaintiff was subsequently examined by two doctors, Dr. P.M. Davis and Dr. Brian C. McCann. Doctor McCann testified at trial that he didn't feel that the plaintiff should return to work as a laborer due to his injury, and that his problems were attributable to the incident in question. However, Doctor McCann further testified that his conclusions were based strictly on the plaintiff's subjective complaints and that he could find nothing physically or objectively wrong with the plaintiff.
Doctor Davis concluded in his report that the plaintiff had suffered a sprain of the lumbosacral spine. Apparently, he too could find very little physical manifestation of the plaintiff's injury. While he did indicate in the report that the plaintiff seemed to have some numbness in his back, he found no evidence that the numbness followed any nerve root pattern. He also ran a "straight leg raising test" on the plaintiff, but obtained results which according to Doctor McCann's testimony at trial were "inconsistent". Doctor Davis concluded that it could be a month to six weeks before the plaintiff could return to full-time hard manual labor.
On appeal, the defendants make four specifications of error, to-wit:
(1) The trial court erred in finding that the plaintiff was injured as a result of an accident which occurred in the course and scope of his employment;
(2) The trial court erred in finding that the plaintiff's alleged disability was caused by a work-related accident;
(3) The trial court erred in finding that the defendants arbitrarily and capriciously failed to make workers' compensation and medical benefits payments to the plaintiff; and
(4) The trial court erred in awarding plaintiff statutory penalties and attorney's fees.
We will treat the first two assignments of error together, and do likewise with the last two assignments of error.

ERRORS NO. 1 AND 2
The defendants argue that the plaintiff failed to meet his burden of proving by a preponderance of the evidence that he suffered a disability caused by a work-related accident, citing as authority West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979), and Vallot v. Andrus Homes, Inc., 425 So.2d 804 (La.App. 3rd Cir.1982). Specifically, they maintain that the uncontradicted testimony of a workers' compensation claimant as to the occurrence of an accident can be accepted as true only if there is nothing in the record casting suspicion on the reliability of this testimony. *1157 West and Vallot, supra. In this connection, the credibility of the plaintiff plays a crucial role in the decision making process. The trial judge is in the best position to make such a decision rather than an appellate court from a hard cold record. Here we must conclude that the trial judge believed the plaintiff's testimony that the accident occurred as the plaintiff testified and that the alleged fracas which plaintiff was involved in occurred prior to the date of the accident involved in this case. See Breaux v. The Great Atlantic & Pacific Tea Company, Inc., 302 So.2d 672 (La.App. 3rd Cir. 1974), writ denied 305 So.2d 540 (La.1975).
Such being the case, we feel constrained to follow the jurisprudential rule which requires that we give great weight to the factual conclusions of the trial judge, and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed by us even though we in this case may feel that our own evaluations and inferences are as reasonable. Canter v. Koehring Company, 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). It is the task of the trial judge to determine the credibility of the witnesses and this determination will not be disturbed absent manifest error. Boustany v. Fluid Dynamics, Inc., 392 So.2d 750 (La. App. 3rd Cir.1980); Arceneaux, supra.
We have carefully reviewed the record in this case, paying close attention to the discrepancies in the plaintiff's testimony and the conflicting accounts of the circumstances surrounding the plaintiff's alleged accident. While we may very well have decided this case differently, we are unable to conclude that the district judge's findings of fact and evaluations of credibility of the witnesses were manifestly erroneous. Therefore we will not disturb his findings on appeal. Hooper v. Wilkinson, 252 So.2d 137 (La.App. 3rd Cir.1971).
It should be noted that the defendants may in time seek a review of the district court's judgment of compensation by applying for a modification thereof pursuant to the provisions of La.R.S. 23:1331. As noted in that statute, the provisions of La.R.S. 23:1121 through 23:1124 shall apply to such a review with reference to future medical examinations of the plaintiff in order that it may be determined whether or not his incapacity has increased or diminished.

ERRORS NO. 3 AND 4
Travelers Insurance Company challenges herein the finding of the trial court that it acted arbitrarily and capriciously in failing to make workers' compensation and medical benefits payments to the plaintiff, thus subjecting it to a 12 percent statutory penalty on past due sums, plus a $3,000.00 attorney's fee, pursuant to La.R.S. 23:1201.2. It maintains that due to the serious factual dispute over whether or not a compensable accident occurred that the court's assessment of statutory penalties and attorney's fees was inappropriate, and should thereby be reversed.
We cannot agree with the insurance company's argument. The medical reports of both Doctor Davis and Doctor McCann indicate that the plaintiff suffered a debilitating injury to his back. Furthermore, the record clearly shows that Travelers refused to pay any compensation benefits to the plaintiff, despite repeated requests on the part of plaintiff's counsel following the accident. Thus, we may not disagree with the district judge's conclusion that Travelers Insurance Company was arbitrary and capricious in failing to honor the plaintiff's claim, and that the plaintiff was entitled to receive an additional award of penalties and attorney's fees.
However, with regard to the plaintiff's request for additional attorney's fees for the handling of his claim at trial and on appeal, we find this court's decision in Conlay v. Houston General Insurance Company, 370 So.2d 196 (La.App. 3rd Cir.1979) controlling. In that case, we stated:
"Plaintiff also requests additional attorney's fees for the legal services required on appeal. An increase in attorney's fees for services on appeal is usually awarded when the defendant appeals and obtains no relief on appeal, and the plaintiff *1158 requests it in accordance with proper appellate procedure. The basis for awarding additional attorney's fees is that the litigant successful at the trial level must incur additional expenses, which otherwise would not have been incurred, in order to protect his rights on appeal."
Since in the case at hand, the plaintiff is not only protecting his own rights because of the defendant's appeal, but is also seeking additional relief which was not granted by the trial court, viz, an increase in the award of attorney's fees granted for the trial of the claim in that court, we feel that an award of additional attorney's fees is inappropriate.
For the above and foregoing reasons, the judgment of the trial court is affirmed at the defendants' costs.
AFFIRMED.