CUTRER, Judge.
The plaintiff, Edgar Jean, instituted suit against his underinsured motorist carrier, United States Fidelity & Guaranty Company, contending that he was involved in a collision with a “hit and run” vehicle on Interstate Highway 10 in Calcasieu Parish on the evening of July 4/5, 1982. The trial court rendered judgment against the plaintiff, finding that the plaintiff had failed to meet his burden of proving by a preponderance of the evidence that his automobile came into physical contact with a hit and run automobile. From that judgment plaintiff perfects this appeal.
The sole issue on appeal is whether the trial court, committed manifest error in finding that plaintiff failed to meet his burden of proving that there was physical contact between his vehicle and that of a hit and run automobile.
The appellate review of facts is limited to determining whether the trial court’s findings of fact and evaluations of credibility of the witnesses were manifestly erroneous. Ebey v. Dolphin Const. Co., 435 So.2d 1154 (La.App. 3rd Cir.1983); Arceneaux v. Domingue, 365 So.2d 1330 (La..1978). Our review of the record reveals no such error.
The uncontested findings of the trial court were that, between the hours of 12:00 P.M. and 1:00 A.M., either on Saturday night, July 4, 1982, or Sunday morning, July 5, 1982, plaintiff was traveling west in the north or outermost lane on Interstate Highway 10 toward Lake Charles, Louisiana.
Plaintiff was traveling at approximately 55 miles per hour, which was the speed limit, and was about one mile west of Iowa, Louisiana, when he observed, through his rearview mirror, traffic traveling west and overtaking him from behind. The overtaking car, traveling in the southern innermost *768 lane of Interstate Highway 10, approached and pulled alongside of plaintiff’s car and then changed lanes from the innermost to the outermost lane while near the front of plaintiffs automobile. After the overtaking car changed lanes, plaintiff ran off the interstate to the northern side of the highway striking a road sign with the front portion of his car, and then hitting a ditch on the northern side of the interstate. Plaintiff could not determine the identity of either the operator or the owner of the automobile which caused the accident. Plaintiff reported the accident within 24 hours to a state police officer.
It is also uncontested that there existed a contract of insurance between plaintiff and the defendant, in which defendant provided the plaintiff with protection against uninsured motorists. The uninsured motorist provision included coverage for bodily injury caused to the plaintiff by a hit and run automobile if he showed that there was physical contact between the hit and run automobile and the automobile which plaintiff occupied; that the identity of the operator or the owner of the hit and run automobile cannot be determined, and that the plaintiff reported the accident within 24 hours to a police officer.
With the exception of proving that there was physical contact between plaintiff’s vehicle and the hit and run automobile, the trial judge found that the plaintiff met all other requirements of the “hit and run automobile” provision of the policy as follows:
“There is no question but the hit and run automobile caused bodily injury to Jean arising out of an automobile which the insured was occupying at the time of the accident; that Mr. Jean cannot determine the identity of either the owner or the operator of such hit and run vehicle; and that Mr. Jean reported the accident within 24 hours to a police officer.”
The trial court found that plaintiff did not meet his burden of proving by a preponderance of the evidence that his automobile came into physical contact with a hit and run automobile.
The plaintiff only produced himself as a witness and State Trooper Shields, for the plaintiff, stated that he observed no scratches or marks on the left side of plaintiff’s vehicle which indicated to him that it had come into contact with another automobile. The trooper further stated that he was of the opinion that the damage that he observed had come as the result of the automobile striking a sign post and going into the ditch on the side of the road.
The defendant presented the following evidence as summarized in the trial court’s opinion:
“The defendant summoned Mr. Jerry Jessup, an appraiser, who had appraised the automobile damages to the Jean vehicle for the defendant insurer, and a Mr. Leward Lavoilette, the body shop manager of W.F. Wilson Company which had repaired the damages to the Jean vehicle as a result of the accident in question. Both Mr. Jessup and Mr. Jean testified that they did not recall seeing any damages to the left side or front of the Jean vehicle such as scratches, dents or other marks which indicated to them that the Jean vehicle had come into contact with another vehicle at the left front portion of the vehicle. Mr. Jessup had taken black and white photographs of the vehicle which were introduced into evidence

Based on this evidence, the trial court found as follows:
“The Court has observed this vehicle through its pictures which were taken July 9th, a matter of only five days after the accident. From the pictures as well as the testimony of Trooper Shields, Mr. Jessup and Mr. Lavoilette, the Court does not find that Jean has met his burden of proving by a preponderance of the evidence that his automobile came into physical contact with a hit and run automobile. The pictures, and particularly the picture to which the Court has referred, amply demonstrates that both Trooper Shields and Mr. Jessup and Mr. Lavoilette testified to that there was no type of dent or scratch to the immediate *769 front left portion of the automobile or to the left fender of the Jean automobile. The photographs show to the Court just as were testified to by the Officer and the expert appraiser and the expert car repairman, that the damages to the hood and left front fender and left front bumper of the automobile were apparently caused by the car making contact with some object on the left front portion of the car.”
From our review of the record of this case we agree with the trial court that the plaintiff failed to prove that his car was actually hit by the alleged hit and run car.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff-appellant, Edgar Jean.
AFFIRMED.