SHORTESS, Judge.
This case arose from Taft Stablier’s (plaintiff) claim for worker’s compensation. In the spring of' 1982, plaintiff was employed by Big T Welding Supply Company, Inc. (Big T), defendant in this action. Plaintiff alleged that the repetitive and heavy lifting required of him during an inventory caused painful injury to his back about the end of March 1982. He filed this suit on April 8, 1983. Big T defended on two grounds: (1) that the action had prescribed, and (2) that the injury was not work related. The trial court rendered judgment for Big T on both grounds and plaintiff perfected this appeal.
Plaintiff worked as a salesman for Big T, but his duties included work in the warehouse and on the dock. During Big T’s inventory in March of 1982, plaintiff lifted or moved some heavy welding equipment. Central to this case is a dispute over the accuracy of testimony that plaintiff suffered back pain in late March and notified his superior of the pain at that time. It is clear that plaintiff first consulted a physician on April 12,1982, and that his co-workers learned of his condition no later than that day. Plaintiff was referred to Dr. Thomas Flynn, a neurosurgeon, who recommended conservative, in-hospital care; when this proved ineffective, Dr. Flynn reexamined him and performed disc surgery on May 7,1982. Plaintiff returned to work but still experienced pain. He was assigned paperwork, but his work pace was slow and he was terminated in late June of 1982.
With the oral reasons, quoted in pertinent part, the trial court disposed of the case adversely to plaintiff:
There are two theories in this case. The defendants rely on the documentary evidence that was introduced. One, Dr. Flynn’s deposition indicates a spontaneous onset around Easter of ’82, and a statement by the physical therapist that this happened on Easter of ’82, and testimony of the defendant’s witnesses. All of this puts forth the theory that the accident was not work related. If the court would accept the theory, of course the plaintiff would lose. The plaintiff’s side of the case is that the accident was work related, but he testified that it happened in March, and that he knew that it happened in March, and if that’s the case, then it’s prescribed. So in that ease he loses. So the court will have to find judgment for the defendant, dismissing plaintiff’s suit at his cost.
We need not consider whether the trial court was correct on the issue of prescription because our review convinces us that the case can be disposed of completely on the “work-related injury” issue.
EMPLOYMENT-RELATED DISABILITY
A worker may receive compensation if his injury arises out of and occurs in the course of his employment. LSA-R.S. 23:1031. The trial judge appears to have ruled that Stablier’s claim did not satisfy those criteria based on the deposition of Dr. Flynn (the plaintiff’s neurosurgeon), the report of the plaintiff’s physical therapist, and the “testimony of the defendant’s witnesses.” The trial court held that this evidence shows a “spontaneous” onset of pain about Easter of 1982, at least a week after the inventory ended. This evidence is contrary to the testimony of, first, the plaintiff, who indicated that his pain began during the heavy work of inventory; and, second, that of plaintiff’s supervisor, Sandy Sherman, who testified that defendant complained of back pain at the time of the inventory.
The claimant in a worker’s compensation action has the burden of proving by a preponderance of the evidence that his injury is work-related. Cadiere v. West Gibson Products Company, Inc., 364 So.2d 998 (La.1978). LSA-R.S. 23:1031.
In evaluating the evidence, the trier of fact should accept as true the uncontra-dicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony.
*420 West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979).
On appeal, a “reviewing court must give great weight to the factual conclusions arrived at by the trier of fact, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed even though the appellate court may feel that its own evaluations and inferences are as reasonable.” Cadiere, 364 So.2d at 999; citing Canter v. Koehring Co., 283 So.2d 716 (La.1973).
However, the appellate court is not required by this principle to affirm the trier of fact’s refusal to accept as credible uncontradicted testimony {Johnson, cited below), or greatly preponderant objectively-corroborated testimony (Arcen-eaux, cited below) where the record indicates no sound reason for its rejection and where the factual finding itself has been reached by overlooking applicable legal principles. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Johnson v. Travelers Insurance Co., 284 So.2d 888 (La.1973).
West, 371 So.2d at 1150.
We note initially that the foregoing can be and in this case are competing principles. Nonetheless, we affirm the judgment of the court below.
The plaintiff seeks to sustain his burden with his own testimony and that of his supervisor, Sandy Sherman. But the plaintiff’s assertion that the injury occurred during the heavy work of the inventory is inconsistent with the report of the physical therapist which states that the pain began on Easter Sunday. It is also inconsistent with the history of the injury recorded by Dr. Flynn before surgery. Plaintiff’s allegation that during the inventory he told his fellow workers of his back pain, supported by Sherman, is denied by Don Manzella and Denise Seymour, both of whom worked with Stablier over that period. Sherman’s credibility was questionable because he was fired by Big T for falsifying his expense account.
Additionally, other evidence casts doubt upon the general reliability of the plaintiff’s testimony. Plaintiff denies having told the physical therapist that the pain began on Easter Sunday of 1982, yet the therapist’s report so indicates. Plaintiff signed insurance forms which show that the injury was not work related. He attempted to explain this by saying that he simply signed the forms but did not fill them out. Plaintiff testified that Dr. Flynn advised him to do no lifting on returning to work, but the doctor’s records reveal no such admonition; and he testified that such advice would “probably” be included.
In West, a worker’s claim for compensation was dismissed by the trial court, and the appellate court affirmed. The Supreme Court reversed because an appellate court need not affirm the trial court’s assessment of credibility when the record reveals “uncontradicted testimony,” or “greatly preponderant objectively-corroborated testimony.” West, 371 So.2d at 1150. Here, the plaintiff’s testimony that a work-related injury occurred is contradicted by his own statements to his doctor and physical therapist. The only corroborating testimony (that of Sherman) is questionable because of the circumstances surrounding Sherman’s termination by Big T. The other general doubts about the credibility of the plaintiff cast “suspicion on [the reliability of this testimony.” West, 371 So.2d at 1147. To paraphrase the West court to fit the facts of this case, the record reflects sound reason for rejecting the plaintiff’s contradicted testimony. See, Charleston v. Nabors Trailers, Inc., 381 So.2d 894 (La.App. 2nd Cir.1980); Vallot v. Andrus Homes, Inc., 425 So.2d 804 (La.App. 3rd Cir.1982).
Given the conflicts in the record and the grounds for doubt as to the plaintiff’s and Sherman’s credibility, we cannot say that the trial judge was clearly wrong in finding that plaintiff had not proved a work-related injury. A review of the entire record reveals a reasonable factual basis for the trial court’s finding. Culp v. Belden Cor *421 poration, 432 So.2d 847 (La.1983).[1] This review also reveals no manifest error in that finding. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Watson v. State Farm Fire and Casualty Insurance Co., 469 So.2d 967 (La.1985).
The decision of the trial court dismissing plaintiffs claim is affirmed at his costs.
AFFIRMED.

. The Culp court pointed out:
“On appellate review, the trial court’s factual findings concerning work-related disability should be given great weight and should not be disturbed where the evidence before the trier of fact supports a reasonable factual basis for the trial court's findings, unless clearly wrong. Crump v. Hartford Accident & Indemnity Company, 367 So.2d 300 (La.1979).”
Culp, 432 So.2d at 851.