DOMENGEAUX, Chief Judge,
concurring in part and dissenting in part.
I agree with the majority opinion except the portion which awards an additional $1,500 to the plaintiffs as attorney’s fees for services on appeal.
The defendants appealed the merits of the main demand, but the plaintiffs also appealed, seeking an increase in the trial court’s award of attorney’s fees, which we are denying herein. Consequently, by virtue of this denial, the plaintiffs should not be awarded an extra fee. This Circuit has so stated a number of times. See Conlay v. Houston General Ins. Co., 370 So.2d 196 (La.App. 3d Cir.1979) and Ebey v. Dolphin Construction Co., 435 So.2d 1154 (La.App. 3d Cir.1983). In Conlay, we stated:
Plaintiff also requests additional attorney’s fees for the legal services required on appeal. An increase in attorney’s fees for services on appeal is usually awarded when the defendant appeals and obtains no relief on appeal, and the plaintiff requests it in accordance with proper appellate procedure. The basis for awarding additional attorney’s fees is that the litigant successful at the trial level must incur additional expenses, which otherwise would not have been incurred, in order to protect his rights on appeal. Horn v. Vancouver Plywood Corporation, 322 So.2d 816 (La.App. 3rd Cir.1975). In this case, plaintiff is not only protecting his rights relative to defendant's appeal, but is also seeking additional relief denied at the trial level and denied on appeal, viz., a declaration of total disability. Under these circumstances, we find that additional attorney’s fees for services rendered on appeal are not warranted.
370 So.2d at 201. See also, however, Wyble v. Allstate Ins. Co., 581 So.2d 325 (La.App. 3d Cir.1991), which reached an opposite result, and in which case I dissented.
Because I view this jurisprudence as a rather serious disagreement among different panels of this Court on the issue of the award of additional attorney’s fees for services on appeal, I would recommend that the Louisiana Supreme Court, by writ review, take the matter up and resolve the disagreement.