DOMENGEAUX, Judge.
This is a worker’s compensation case. Donald Elliot, the plaintiff and appellant, asserts that he fell when climbing down from the cab of a tracked dragline on October 12, 1982, while in the employ of Pelican Truck Line, Inc. (Pelican), the defendant-ap-pellee. He seeks weekly benefits, medical expenses, penalties, and attorney’s fees. Pelican’s position is that although Mr. Elliot was in its employ on the date indicated, the plaintiff’s physical condition was not caused by an on-the-job accident. Therefore, Pelican and its insurer, the North West Insurance Company, maintain they were not arbitrary or without just cause in defending the claim. The trial judge held in favor of the defendants. This appeal followed.
FACTS
Before delving into the facts surrounding the alleged accident and its aftermath, we must first discover the state of the plaintiff’s health before his alleged injury. Mr. Elliot had begun to receive chiropractic treatment as early as 1971. In 1974 and 1975 Mr. Elliot underwent surgery to correct problems with his right ulnar nerve. His neurosurgeon was Doctor Goldware. In 1976 the plaintiff suffered an unwit-nessed work-related accident while employed by Tiger Drilling Company. The injury, a herniated disc at the L4-5 level required disc removal on two separate occasions in 1977. Again, the plaintiffs physician was Doctor Goldware.
Although both the doctor and the plaintiff testified at trial that Mr. Elliot recovered completely from the 1976 back injury, the defendant presented several witnesses who indicated to the contrary. Specifically, Doctor Smith, the chiropractor who had treated the plaintiff sporadically since 1971, said that at no time had he noticed a worsening in Mr. Elliot’s condition. Further, three coworkers testified at trial that the plaintiff exhibited symptoms of back trouble before his claimed accident and did not appear to them any different afterward.
The plaintiff’s claim for worker’s compensation is based upon the following: At the end of the work day on October 12, 1982, Mr. Elliot was alone at a job site in LaSalle Parish, Louisiana, shutting down his dragline. When he started to climb off the machine, his feet slipped and he fell to an upright seated position. As a result, the plaintiff claims he sustained a back injury at the L4-5 level. There were no witnesses to the accident.
After his fall, Mr. Elliot drove himself back to Jena, Louisiana, where he promptly reported the incident to his employer. Pelican referred the plaintiff to Dr. Sanit Siri-kul who saw Mr. Elliot on October 13. Doctor Sirikul then referred the plaintiff to Doctor Kingsley, an orthopedic surgeon. Doctor Kingsley’s examination indicated pressure on the L4 space; however, the doctor testified at trial that this pressure could be the result of either a new disc rupture or adhesions. Doctor Kingsley scheduled the plaintiff for a CAT scan on March 17th and surgery on the following day. When Mr. Elliot failed to appear as scheduled, stating he “forgot to call”, Doctor Kingsley dismissed him from his care as an “unreliable patient”.
On May 3rd Mr. Elliot sought the medical attention of his former surgeon, Doctor Goldware. The plaintiff related his story and informed his doctor that the pain was “intolerable”. Accordingly, Doctor Gold-ware attempted to admit Mr. Elliot into the hospital for further evaluation; however, since Pelican would not verify the admission, the plaintiff’s medical treatment was put on hold. This physician is of the opinion that the plaintiff suffers from a new disc injury as opposed to adhesions. It is important to note that Doctor Goldware admitted at trial that his medical opinion as to causation was largely based on his belief in the plaintiff’s narration of the events leading to his disability.
Mr. Elliot’s claim appears to have been progressing in a normal fashion until he called his employer’s office to notify them that his wife might call and report that he was not injured in an on-the-job accident. *238 Pelican passed this information to the insurance adjusters handling the claim. The insurance company instituted an investigation which revealed that Mr. Elliot had made a very similar claim of a work-related accident, about twelve months earlier, wherein Mr. Elliot asserted that he fell in the rear of a company pickup injuring his back. In that case Mrs. Elliot did report to the adjusters for the employer that Mr. Elliot hurt himself off the job rather than as he claimed. As a result, this previous employer terminated compensation benefits, and even though Mr. Elliot had an attorney, the claim was not pressed further.
Mrs. Elliot testified in this trial. She admitted her role concerning the October 1981 accident but stated that her statement to that insurance company’s adjuster was itself false and given to hurt Mr. Elliot because of a marital disagreement. She did not make such a report in reference to the Pelican claim, but she did threaten to do so because of a different marital dispute. She related that her marriage to Mr. Elliot was from time to time afflicted with extremely bitter discord during which events she had acted irrationally when motivated by her anger.
The district judge was not convinced that the plaintiff experienced an accident while in the course and scope of his employment with Pelican. Accordingly, the trial court rendered judgment in favor of the employer and its insurer, and dismissed the plaintiff’s suit at his costs. The plaintiff-appellant has appealed the trial court’s judgment specifying four assignments of error[1], all of which contest the ultimate finding that no accident occurred within the course and scope of the plaintiff’s employment.
These assignments raise an issue of law — whether the trial court erred in refusing to accept the employee’s uncontra-dicted testimony proving the accident, where such testimony was plausible, consistent, and supported by corroborating circumstances. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979). The applicable rule of law establishes that “the trier of fact should accept as true the uncontra-dicted testimony of a witness, even though the witness is a party, at least in the absence of circumstances in the record casting suspicion on the reliability of this testimony.” West v. Bayou Vista Manor, Inc., supra; Breaux v. Great Atlantic & Pacific Tea Company, Inc., 302 So.2d 672 (La.App. 3rd Cir.1974), writ denied, 305 So.2d 540 (La.1975). However, the trial court’s evaluation of the credibility of a witness is entitled to great weight, and the factual findings predicated upon those credibility evaluations should not be disturbed in the absence of manifest error. Harper Oil Field Services v. Dugas, 451 So.2d 96 (La.App. 3rd Cir.1984); Canter v. Koehring, 283 So.2d 716 (La.1973).
In the present case, the trial judge specifically found Mrs. Elliot, the plaintiff’s wife, to be “untrustworthy now where an interest of her own is at stake.” The district judge also noted that “[sjuspicion is cast upon Mr. Elliot’s ease by the number and type of prior accidents he experienced. The fact that he hired an attorney for the 1981 accident but declined to go forward with the case after benefits were terminated raises a question of credibility.” Fur *239 ther, the lower court gave serious consideration to the testimony of the plaintiff’s chiropractor and coworkers, all of whom testified that they observed no change in the plaintiffs abilities, gait, etc., following the alleged accident. Since Doctor Kings-ley could not determine from which source the plaintiffs disability arose and Doctor Goldware compromised his expert opinion by admitting that his theory as to causation was based on his belief in the plaintiffs credibility, the trial judge committed no error in concluding that no work-related accident caused the plaintiffs disability.
For the above and foregoing reasons, the judgment of the district court dismissing the plaintiff-appellant’s suit at his costs, is affirmed. All costs of this appeal are to be taxed to the appellant.
AFFIRMED.

. The plaintiff-appellant has formulated his assignments of error as follows:
I. The Trial Court erred in refusing to accept plaintiff-appellant’s uncontradicted testimony proving the accident, corroborated by medical examinations, treatment, immediate report of accident subsequent thereto, all of which prove continuous disability.
II. The Trial Court erred in that it penalized plaintiff-appellant due to the spiteful and irrational behavior of his wife in the giving of a false statement involving a prior claim of her husband in an effort to damage or hurt him.
III. The Trial Court erred in that it had no factual basis on which to make its finding that plaintiff-appellant failed to prove that he had an accident while in the course and scope of his employment with Pelican Truck Line in October, 1982.
IV. The Court erred in failing to apply the presumption in law called for by refusing to accept plaintiff-appellant’s uncontradicted testimony of the work accident.