RCLAIBORNE, Judge.
This appeal arises out of a disputed claim for workers’ compensation benefits. The sole issue for review is whether or not the claimant met her burden of proof that she had suffered an injury by accident in the course and scope of her employment.
FACTS AND PROCEDURAL HISTORY
Claimant, Joyce K. Bennett, alleged she injured her back while descending a step stool at work. At the time of the injury, Ms. Bennett was employed by the defendant, Speedway SuperAmerica, L.L.C. (Speedway), as an assistant manager of the store in Covington, Louisiana. Prior to her employment with Speedway, Ms. Bennett had been on Social Security disability from 1984 to 1995 as a result of an injury to her upper back and neck that had occurred while she was employed by El-Mart. That injury was fully disclosed to Speedway at the time she was hired.
Ms. Bennett contended the instant injury occurred as she was nearing the end of her shift on August 4, 1999. She had been restocking the overhead cigarette bins behind the counter while standing on the two-step stool provided for the task by her employer. Ms. Bennett testified that she suffered a misstep as she descended the step stool after completing the restocking, thus injuring her back. She further testified that she mentioned the incident to her co-worker, Vonda Adams, at the time that it occurred.
Despite some discomfort, Ms. Bennett completed the short time remaining on her shift and left for the evening. She stated that she did not complete an accident report form that night, because she could not find one of the forms. She did, however, send her son back to the store that evening with a note for the manager reporting the incident. The manager received the *290 note when she arrived at work the next morning.
|gMs. Bennett testified that by the time she arrived at her home a few minutes after leaving work, she was in considerable pain and had to have assistance in climbing the few steps to her house. She sought medical treatment the next morning from her regular physician, Dr. Merrill Laurent. After initial attempts to provide Ms. Bennett with some relief proved unsuccessful, Dr. Laurent referred her to Dr. Susan Bryant. Both doctors found Ms. Bennett to be symptomatic, and Dr. Laurent determined that her symptoms were consistent with the injury and accident she reported.
The doctors placed Ms. Bennett on certain restrictions, including that she was not to return to work. Despite following the course of therapy prescribed by the doctors, her condition did not improve. Eventually, Dr. Bryant determined that Ms. Bennett was incapable of returning to work in her previous job capacity.
Ms. Bennett filed a claim for workers’ compensation benefits as a result of the injury, but Speedway denied the claim. After a trial on the merits, Judge Robert Varnado of District 6-S of the Office of Workers’ Compensation Administration found in favor of the claimant.[2] Specifically, the court determined that Ms. Bennett had suffered a work-related accident with injury during the course and scope of her employment with Speedway and that she was rendered temporarily totally disabled from the date of the accident through and beyond the date of trial. The judge ordered Speedway to pay Ms. Bennett weekly benefits as well as past and future medical expenses. This appeal by Speedway followed. We affirm.
ASSIGNMENT OF ERROR
Speedway relies on a single assignment of error in attempting to overturn the decision of the trial court. Specifically, Speedway argues that the workers’ | compensation judge erred in concluding that the claimant successfully sustained her burden of proof in demonstrating that she sustained an injury by accident within the course and scope of her employment.
STANDARD OF REVIEW
An appellate court may not set aside a trial court’s finding of fact absent manifest error, or unless it is clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). This standard applies to the factual findings of district courts, as well as to the factual findings of a workers’ compensation judge. Alexander v. Pellerin Marble & Granite, 93-1698, pp. 5-6 (La.1/14/94), 630 So.2d 706, 709-710. For an appellate court to reverse a workers’ compensation judge’s factual finding, it must find from the record that a reasonable factual basis does not exist for the conclusion, or that the record establishes that the finding is clearly wrong. Broion v. Coastal Construction & Engineering, Inc., 96-2705, p. 4 (La.App. 1st Cir.11/7/97), 704 So.2d 8, 10. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder’s, reasonable evaluations of credibility should not be disturbed upon review where conflict exists in the testimony. Freeman v. Poulan/Weed Eater, 93-1530, p. 5 (La.1/14/94), 630 So.2d 733, 738. The issue is not whether the trier of fact was right or wrong, but whether the conclusion was a reasonable one. Stobart v. State, through Depart- *291 merit of Transportation and Development, 617 So.2d 880, 882 (La.1993).
DISCUSSION
An employer is required to pay workers’ compensation benefits when the claimant suffers work-related injuries or aggravates a pre-existing condition that produces disability. La. R.S. 23:1021, et seq. The claimant in a workers’ compensation action must establish as a threshold requirement that he has suffered “personal injury by accident arising out of and in the course and scope of his 1 ^employment.” La. R.S. 23:1031; Bruno v. Harbert International, Inc., 593 So.2d 357, 360 (La.1992).
In determining whether or not the claimant has discharged this burden of proof, the workers’ compensation court should accept as true a witness’s uncontra-dicted testimony, even when the witness is a party, absent circumstances that would cast doubt on the reliability of the testimony. The testimony of the worker alone may be sufficient to meet this burden if two additional elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. The necessary corroboration may be provided by the testimony of fellow workers, spouses, or friends, or by medical evidence. Bruno, 593 So.2d at 361; West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979).
In the instant matter, Speedway does not question the disability of the claimant. The only issue is whether or not Ms. Bennett sustained her burden of proof in demonstrating that she suffered an injury due to accident in the course and scope of her employment. After a complete review of the record, we find no error in the determination of the workers’ compensation judge that Ms. Bennett suffered a work-related accident with injury in the course and scope of her employment.
Ms. Bennett testified that the accident occurred as she was descending the step stool she had been using while performing a task for work. She claimed that she took a misstep and injured her back as a result. She further testified that she felt some discomfort immediately, but that she thought it would subside. The pain got progressively worse until she was forced to seek medical attention the next day.
Corroboration of Ms. Bennett’s testimony is provided by her husband, who testified that by the time she got home from work that night, she could barely walk 1 fifrom her car to the house. Mr. Bennett also testified that he had tried to get his wife to go to the hospital that evening to obtain medical treatment, but that she had declined because she is allergic to certain medications and preferred to wait until she could see her doctor, who was familiar with her allergies.
The medical testimony of Dr. Laurent and Dr. Bryant provides further corroboration of the injury. Both doctors found objective evidence of injury of the type described by Ms. Bennett, and Dr. Laurent further determined that the injury was consistent with the type of accident she reported.
Speedway argues that there is evidence that discredits or casts serious doubts on Ms. Bennett’s version of the events. The first evidence Speedway points to is the videotape of the events that took place in the store that evening. Speedway had a total of sixteen cameras positioned throughout the store to capture events as they occurred. The tapes do not provide continuous action of the events, but rather display still pictures at four or five second intervals. Speedway argues that the tape contradicts the claimant’s allegations and proves that no accident occurred. This *292 argument is not well founded. To the contrary, the videotape provides additional corroboration for Ms. Bennett’s claim.
Through the stop-action images provided by the tape, Ms. Bennett can be seen restocking the cigarette bin. She is also shown beginning her descent from the step stool after completing the task. In subsequent images, Ms. Bennett appears to hold or rub her back after stepping down. She is also seen sitting down for a time after the incident occurred. These images are consistent with Ms. Bennett’s testimony. Ms. Bennett testified that after she suffered the misstep, she began to rub her back and eventually sat down on the step stool for a short time in an effort to cause the discomfort to subside. Clearly, the videotape does not contradict Ms. Bennett’s claim.
17Speedway also points to the deposition testimony of Vonda Adams,[3] claimant’s coworker, who was working at the store on the night of the incident. Ms. Adams testified in a deposition introduced at the trial that she did not remember any comment from Ms. Bennett about the incident, nor did she see Ms. Bennett injure herself. Upon further questioning, however, it became apparent that Ms. Adams was not entirely clear about other events that took place that day and simply may not have remembered a casual comment made to her by Ms. Bennett. Furthermore, the videotape of the events demonstrated that Ms. Adams had her back turned to Ms. Bennett almost the entire time and would not have seen the incident occur. Clearly, the court made a credibility determination regarding the testimony of Ms. Bennett and Ms. Adams, and such’ a determination should not be disturbed absent manifest error. Based upon the record before us, we find no such error.
Finally, Speedway places great emphasis on the fact that Ms. Bennett did not fill out an accident report form on the night of the incident. While it is true that Ms. Bennett did not fill out the appropriate form that evening, she did send her son with a note for the manager to report the incident. The manager received the note when she arrived at work the next morning. The fact that a worker completes a day’s work without reporting an accident does not preclude the worker from receiving compensation. Bruno, 593 So.2d at 362. In this case, Ms. Bennett did report the accident. The fact that she did not immediately do so on the employer’s form does not raise any doubts as to her claim.
1 «CONCLUSION
For the foregoing reasons, we affirm the decision of the workers’ compensation judge. All costs of this appeal are assessed to the appellant, Speedway Super-America, L.L.C.
AFFIRMED.

. La. R.S. 23:1310.5(F) requires that the published court of appeal opinion identify the office of workers’ compensation district from which the appeal was taken and the name of the workers' compensation judge who rendered the judgment or award.

. The cover of the deposition states it is the deposition of "Vonda Lewis”; however, when accepted in evidence, counsel for Speedway identified the deposition as that of Vonda Adams.