MICHAEL E. KIRBY, Judge.
11 Claimant, John Maiurano, appeals the judgment of the Office of Workers’ Compensation (“OWC”) in favor of his employer, defendant Carriere-Stumm, Inc. For reasons that follow, we affirm.
Claimant alleged that he sustained an accident with injury while working as a roofer for Carriere-Stumm on July 21, 2004. He filed a Disputed Claim for Compensation with the OWC on November 10, 2004. In that claim, claimant stated that on July 21, 2004, he was pushing a wheelbarrow filled with shingles when he lost his balance and twisted his right knee. He sought medical treatment from two physicians for his injuries. Following trial on the merits, the OWC judge rendered judgment dismissing claimant’s case with prejudice, finding that claimant did not carry his burden of proving that he suffered a work-related accident with injury on July 21, 2004. The OWC judge further found that the defendant did not carry its burden of proving its allegations of fraud under La. R.S. 23:1208. The judge stated that her judgment was based upon “the record, all pleadings, the evidence, the law, the credibility of the witnesses and the stipulations by and ^between the counsels for parties.” Claimant filed a motion for new trial, which was denied. Claimant now appeals.
On appeal, claimant argues the OWC judge erred in applying an incorrect standard of proof and in finding that claimant did not prove that he suffered a work-related accident with injury.
In a workers’ compensation case, the standard of review is the clearly wrong or manifest error standard. Freeman v. Poulan/Weed Eater, 93-1530 (La.1/14/94), 630 So.2d 733. A claimant in a workers’ compensation case has the burden of proving a work-related accident by a preponderance of the evidence. Millon v. Clarion Hotel, 98-0002, p. 3 (La.App. 4 Cir. 9/16/98), 719 So.2d 568, 570. Proof by a preponderance of the evidence is sufficient when the evidence, taken as a whole, shows that the fact sought to be proved is more probable than not. Id. In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness’s uncontra-dicted testimony, although the witness is a party, absent “circumstances casting suspicion on the reliability of this testimony.” Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992), citing West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1147 (La.1979), and Holiday v. Borden Chemical, 508 So.2d 1381, 1383 (La.1987). The trial court’s determinations as to whether the worker’s testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Id.
In Bruno v. Harbert International, Inc., supra at 361, our Supreme Court held that a worker’s testimony may be sufficient to discharge his burden of proving a work-related accident by a preponderance of the evidence, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. La. R.S. 23:1021(1) defines accident as follows:
“Accident” means an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
*655 The OWC judge did not issue reasons for judgment. Claimant’s argument regarding the allegedly incorrect application of standard of proof seems to be directed toward the judge’s statement in the judgment that credibility of the witnesses was a consideration in finding that claimant did not prove a work-related accident with injury, and the judge’s apparent conclusion that claimant was not a credible witness. As stated in the above-cited case of Bruno v. Harbert International, Inc., supra, the claimant’s credibility in a workers’ compensation claim is certainly a factor to be considered in the OWC judge’s determination of a case. We find no merit in claimant’s argument that the OWC judge incorrectly applied the standard of proof in this case.
|40n the issue of whether or not a work-related accident with injury occurred, it is undisputed that there were no witnesses to the alleged accident. Claimant testified at trial that on July 21, 2004, he loaded roof shingles into a wheelbarrow. As he was pushing the wheelbarrow up onto the sidewalk, he hit the curb and lost his balance. He fell to the ground twisting his right knee, and the wheelbarrow full of shingles fell on top of him. He stated that he got up and then another employee arrived on the scene and helped him put the shingles back into the wheelbarrow. Claimant stated that he resumed working. He claims that he verbally reported the accident that same day to his supervisor, and filed a written accident report with his employer on July 23, 2004. Claimant quit his job several days later.
On the issue of whether or not claimant suffered an injury as a result of a work-related accident, claimant testified that he was treated by the employer’s physician within two weeks of the alleged accident, and then sought treatment from an orthopedist who determined that he was disabled from working as a roofer. Claimant concedes that he has pre-existing arthritis in his right knee.
Dr. David Aiken, an expert in orthopedic surgery, saw claimant on August 4, 2004 and testified by deposition. Dr. Aiken stated that he has treated many employees of the defendant, but that he did not consider himself to be the company’s physician. Dr. Aiken had also treated claimant in 2001 for osteoarthritis of the right knee after a work-related accident. Dr. Aiken said that at the August 4, 2004 visit, claimant told him that he had another accident at work in which he twisted his knee, but that the reason he was quitting his job was because | Bof a dispute with his supervisor. Dr. Aiken found no signs of acute injury when he examined claimant on August 4, 2004. He conducted diagnostic testing of the knee a week later, and found evidence of osteoarthritis but no evidence of a single twisting injury. Dr. Aiken told claimant that there was no medical reason why he could not continue with his roofing job.
Claimant then sought treatment on October 28, 2004 from Dr. George Murphy, an expert in orthopedic surgery, who also testified by deposition. Dr. Murphy examined claimant, reviewed results of previous diagnostic testing and conducted further tests. His opinion is that claimant had end stage osteoarthritis of the right knee, which was caused by degeneration and the accumulation of work-related accidents in 2001 and the accident at issue in 2004.
Although claimant’s testimony regarding the occurrence of a work-related accident was uncontradicted, the credibility of the claimant was an issue at trial. The defendant argues that no event occurred on July 21, 2004 that would constitute an accident as defined by La. R.S. 23:1021(1), and that the real reason claimant left his roofing job was because of his involvement in a construction company called D & S Con *656 struction. During cross-examination, claimant was questioned about his version of how the alleged accident occurred and about his role in D & S Construction. Testimony was elicited from claimant regarding purchases made by him at home improvement stores in the area around the time of the alleged accident and the days immediately thereafter. The cross-examination revealed numerous inconsistencies in claimant’s version of events regarding the alleged accident andj^his other activities during that time period. In particular, claimant’s testimony at trial regarding his description of the alleged accident differed in some respects from the description he gave on the written accident report filed days after the accident.
The OWC judge evaluated the witnesses’ credibility, and obviously did not find claimant to be a credible witness. The OWC judge also obviously favored the testimony of Dr. Aiken over that of Dr. Murphy. After reviewing the trial transcript and depositions, we cannot say that the credibility determinations of the OWC judge were unreasonable.
Following oral argument in this Court, the claimant filed a “Motion to Allow Filing of Affidavit.” Attached to this motion is the affidavit of Redie Armón, a former co-worker of claimant at Carriere-Stumm. Mr. Armón did not testify at trial, and the affidavit was obtained by claimant after trial in this matter. Claimant cites the case of Barnhill v. A-1 Remodeling, 2002-0357 (La.App. 1 Cir.7/2/03), 858 So.2d 661, as authority for the proposition that a remand to the trial court for the introduction of additional evidence is warranted when the new evidence is likely to affect the outcome of the case. The defendant has opposed the claimant’s motion, arguing that the affidavit does not contain new evidence and would not affect the outcome of the case if allowed.
We agree with the defendant on this issue. Mr. Armon’s affidavit does not contain any statement that he witnessed the alleged accident. He claims that he saw claimant lying on the ground, and that the claimant told him that he had |7suffered an accident. This does not constitute new evidence on the factual issue of whether or not an accident occurred because even if allowed, we are still faced with the claim of an unwitnessed accident and a claimant whose testimony the OWC judge obviously did not find credible. The Motion to Allow Filing of Affidavit is hereby denied.
We find no error in the judgment of the OWC that claimant failed to prove that he suffered a work-related accident with injury on July 21, 2004. We affirm the judgment of the OWC.
AFFIRMED.
BELSOME, J., Concurs with Reasons.